Battle, J.
 

 Upon examination of the testimony taken in this cause, we are entirely satisfied that the land, mentioned in the pleadings, was contracted to be sold to the plaintiff by an authorised agent of the defendant; that the authority, under which the agent acted, was by parol, and that the contract was entered into by the agent’s filling up certain blanks in an instrument, which the defendant had signed and sealed, and left with the agent to be, by him, made complete by filling up such blanks and delivering it as the deed of the defendant to the person who should become the purchaser. We are further satisfied, that what was intended to be a sale, was made fairly, and for a price, which, at the time, was not inadequate, and further, that the price was, subsequently, received by the defendant.
 

 It has been properly admitted by the plaintiff, that the instrument, which vras delivered to him by the agent of the defendant, as a deed for the land in question, could not operate
 
 *72
 
 as such, because, it was not complete when it was signed and sealed by the defendant. In the case of
 
 Davenport
 
 v.
 
 Sleight,
 
 2 Dev. and Bat. Rep. 381, and again in
 
 Graham
 
 v.
 
 Holt,
 
 3 Ire. Rep. 300, it was held that an instrument, signed and seal* ed in blank, and handed to an agent, only verbally authoris-ed to fill up the blank, and deliver it, was not the bond of the principal, and that after declarations of the principal, approving of the delivery by the agent, made in the absence of the instrument, and without any act in relation to it, would not amount to an adoption and ratification of the delivery.
 

 The case before us is one of a deed for land, instead of a bond for the payment of money, but the principle is the same. The instrument must be complete before it can be delivered by an agent, acting under a mere parol authority, as the act ■and deed of his principal.
 

 The plaintiff, not being able to set up a legal title under the instrument in question, insists, nevertheless, that it is evidence of a -contract, the specific performance of which, he has a right to have enforced in a court of equity. The defendant objects to this, and relies, in support of his objection, upon the statute of frauds, which declares “ that all contracts to sell or convey any lands, &c., shall be void and of no effect, unless such contract, &c., or some memorandum or note thereof, shall be put in writing, signed by the party to be charged therewith, or by some other person, by him, thereunto lawfully authorised, &c.Eevised Code, chap. 50, sec. 11. The question then, is ;
 
 fa'st,
 
 whether the contract, for the sale of the land, was put in writing ; and
 
 secondly,
 
 was it signed by the party to be charged therewith, or by any person, by him, thereto lawfully authorised. We think that there can be no doubt that the instrument, which, for the reasons above stated, could not operate as a deed, may be regarded as a contract put in writing. It is in truth a written contract more than ordinarily complete, both in form and substance, and the only question, admitting of any sort of doubt, is, whether it has been signed by the defendant, or by any legally authorised agent. We are of opinion that it cannot be considered as a contract
 
 *73
 
 with the plaintiff, signed by the defendant himself, independently of any act of his agent, because, when the defendant put his name and seal to it, no such contract had been made. But we think that, in legal effect, it was signed for him, and in his name, by his properly constituted agent. The failure of the agent to make the instrument operate as the deed of his principal, did not prevent him from causing it to operate as the simple contract of his principal; for nothing is more common than for an agent to fill up blanks in a promissory note signed by his principal, and no body has ever doubted that the principal was bound by it. That the authority of the agent, in all such cases, may, under the statute of frauds, be by parol, is well settled ; 1 Parsons on Cont. 42; 2 Kent’s Com. 612;
 
 Coles
 
 v.
 
 Trecothic,
 
 9 Ves. Jun., 250.
 

 The plaintiff is entitled to a decree for a specific performance, and also to recover back all the costs which he has been compelled to pay in the action of ejectment at law, and also the costs which he has had to pay upon the dissolution of the injunction in the Court of Equity below.; to ascertain which an account may be ordered.
 

 Pee Cukiam, Decree accordingly.