RAINBOW PROPERTIES, a Limited Partnership, Plaintiff-Appellee v. WALTER M. WILKINSON, and wife, ADA FOWLER WILKINSON, Defendants-Appellants

No. COA01-48

(Filed 4 December 2001)

**Vendor and Purchaser— option to purchase—specific performance**

The trial court properly granted summary judgment for plaintiff in an action for specific performance of an option to purchase land where the option contained a clause stating that the price of

the option would be refunded if the sellers were not able to deliver a good and sufficient deed. Although this clause allowed plaintiff to decline to exercise the option and to recover its payments if defendants were unable to perform, it did not permit defendants to avoid their obligation to convey the land on the ground that they are dependent upon the land to provide food for their cattle which provide for their livelihood.

Appeal by defendants from judgment entered 14 August 2000 by Judge Michael E. Beale in Cabarrus County Superior Court. Heard in the Court of Appeals 18 October 2001.

*Williams, Boger, Grady, Davis & Tuttle, P.A., by Samuel F. Davis, Jr., for plaintiff-appellee.*

*Hartsell, Hartsell & White, P.A., by Fletcher L. Hartsell, Jr. and Kimberly A. Lyda, for defendants-appellants.*

WALKER, Judge.

On 10 July 1985, the plaintiff entered into an Option to Purchase Real Estate (Option Agreement) with the defendants. For an initial consideration of $5,000.00, the Option Agreement gave the plaintiff the option, for a period of 12 months, to purchase thirty acres of land owned by the defendants in Cabarrus County for $200,000.00. Thereafter, plaintiff and defendants annually entered into thirteen separate agreements to extend the time for the plaintiff to exercise its option by one year for a consideration of $2,000.00 each. The last such extension agreement occurred on 1 July 1998 and extended the time to exercise the option until 10 July 1999. Plaintiff paid the defendants a total of $31,000.00 for the option under the Option Agreement and the extension agreements.

The Option Agreement states in part:

8. At any time within the closing period, upon tender by the party of the second part [the plaintiff] of said purchase price in the sum above set out, parties of the first part [the defendants] will make, execute and deliver to said party of the second part a good and sufficient deed for said land in fee simple with general warranties and free from encumbrances.

9. If said land be sold by said parties of the first part to said parties of the second part under the terms of this option, the sums for which a receipt has been given as set forth above shall be a

credit on the cash payment of the purchase price, but if said lands be not sold within the periods above limited and if the party of the second part does not exercise the option to acquire a right-of-way as hereinafter provided, then said sums shall be retained by parties of the first part as the purchase price of this option and thereafter said party of the second part shall have no further rights under this option. In the event that *the parties of the first part, for any reason, are not able to deliver to the party of the second part a good and sufficient deed as required in Paragraph 8 of this option, then the purchase price of this option shall be refundable to the party of the second part.* (emphasis added).

On 2 July 1999, defendants received written notice of plaintiff's election to exercise its option to purchase the land. The Option Agreement specified that, after the exercise of the option, the plaintiff had ninety days to complete closing on the land. Plaintiff prepared to close on 24 September 1999 even though the defendants had refused to allow the plaintiff to have the land surveyed pursuant to the Option Agreement. The record shows that the plaintiff was ready and able to purchase the land at closing. However, defendants did not attend the closing and they have since refused to convey the land to the plaintiff. Plaintiff filed this action to enforce the Option Agreement by compelling the defendants to allow the survey of the land and by ordering the defendants to convey the land pursuant to the Option Agreement. Plaintiff moved for summary judgment which was granted.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Langley v. Moore*, 64 N.C. App. 520, 522, 307 S.E.2d 817, 819 (1983). Defendants appeal contending the trial court erred in granting summary judgment for the plaintiff in that the language of the Option Agreement is ambiguous and as such there is an issue of fact. Defendants specifically contend that their dependence on the land to produce food for their cattle creates a factual issue as to whether they are excused from the Option Agreement by reason of the language in paragraph 9 "for any reason, are not able to deliver to the [plaintiff] a . . . deed."

" 'An agreement should be interpreted as a whole and the meaning gathered from the entire contract, and not from particular words, phrases, or clauses.' " *Starling v. Still*, 126 N.C. App. 278, 281, 485 S.E.2d 74, 76 (1997) (*quoting Divine v. Watauga Hospital*, 137 F.

Supp. 628, 631 (M.D.N.C. 1956)). Thus, the language in the Option Agreement must not be construed in isolation nor by leaving out words or phrases. It must be construed in light of the other language in the Option Agreement.

Defendants do not contend that they are unable to convey the land by warranty deed free from encumbrances. Instead, they would have us construe paragraph 9 as giving them a means of avoiding performance under the Option Agreement if they have "identified a legitimate reason for their inability to complete the transaction." Therefore, defendants assert they are dependent on this land to provide feed for their cattle which in turn provides for their livelihood. Our construction of the Option Agreement does not support the defendants' contention. The Option Agreement only allows for the plaintiff to decline to exercise its option and recover its option payments if the defendants are unable to perform according to paragraphs 8 and 9 of the Option Agreement. The Option Agreement does not permit the defendants to avoid their obligation to convey the land.

"A contract, whereby one party, for a valuable consideration, grants to another an option on terms, conditions, and for a time, specified, to call for the doing of a certain act, constitutes an irrevocable offer which, on acceptance in accordance with its terms, gives rise to a contract that may be specifically enforced." *Byrd v. Freeman*, 252 N.C. 724, 727, 114 S.E.2d 715, 718 (1960) (citations omitted). "An option to buy or sell land, more than any other form of contract, contemplates a specific performance of its terms; and it is the right to have them specifically enforced that imparts to them their usefulness and value." *Texaco, Inc. v. Creel*, 310 N.C. 695, 706, 314 S.E.2d 506, 512 (1984) (*quoting Watts v. Keller*, 56 F. 1, 4 (8th Cir. 1893)). Thus, specific performance is a proper remedy for enforcement of an option to purchase real estate.

In summary, the Option Agreement gave the plaintiff the option to purchase land owned by the defendants. It did not provide a means of avoidance as the defendants have asserted. Therefore, no issues of fact exist and the trial court properly granted summary judgment for the plaintiff entitling it to specific performance of the Option Agreement.

Affirmed.

Judges MARTIN and TYSON concur.