JAMES A. BURGIN, Plaintiff v. WILLARD RAY OWEN and wife
ARIMELLA H. OWEN, Defendants

No. COA06-450

(Filed 6 February 2007)

**Husband and Wife; Vendor and Purchaser— contract to sell
entirety property—signature of husband—absence of written authorization by wife**

A written contract to sell realty owned by defendants as
tenants by the entirety was unenforceable where the complaint shows that the contract was signed only by defendant husband, and there was no indication that defendant wife provided
the husband with written authority to act on her behalf. N.C.G.S.
§ 39-13.6.

Judge TYSON dissenting.

Appeal by plaintiff from an order entered 9 January 2006 by Judge
Franklin F. Lanier in Harnett County Superior Court. Heard in the
Court of Appeals 18 October 2006.

*Bain, Buzzard & McRae, LLP, by Edgar R. Bain and L. Stacy
Weaver, III, for plaintiff-appellant.*

*Christopher L. Carr for defendant-appellees.*

BRYANT, Judge.

James A. Burgin (plaintiff) appeals from a 9 January 2006 order
granting Willard Ray and Arimella H. Owens' (defendants') 12(b)(6)
motion to dismiss plaintiff's complaint and canceling the lis pendens
attached to defendants' real property.

Defendants are owners of the subject property as tenants by the
entirety, per deed recorded at Book 852, Page 533 Harnett County
Registry. Defendant Willard Owen and plaintiff agreed on a purchase
price of $53,000.00 for plaintiff to buy the subject property from
defendants. On 26 April 2005, an Offer to Purchase and Contract was
executed. The Offer to Purchase and Contract was signed by plaintiff
and Willard Owen. Subsequently, plaintiff employed a real estate
attorney to perform the title work and prepare a deed for closing. On
24 August 2005, the date scheduled for the real estate closing, Willard

Owen delivered a letter to plaintiff stating he would not sell the subject property.

Plaintiff commenced this action on 26 August 2005 against defendants and on 29 August 2005 filed a Notice of Lis Pendens on defendants' subject property. On 9 January 2005, the trial court entered an order dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted and canceling the lis pendens. From this order, plaintiff appeals.

---

The dispositive issue is whether the trial court erred in granting defendants' 12(b)(6) motion for failure to state a claim upon which relief may be granted. Plaintiff contends he has "sufficiently plead two good causes of action" for specific performance and breach of contract. We disagree.

The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. *Country Club of Johnston County, Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002). On a motion to dismiss, the complaint's material factual allegations are taken as true. *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001). Dismissal is proper "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002). On appeal of a 12(b)(6) motion to dismiss, this Court "conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Page v. Lexington Ins. Co.*, 177, N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006) (citation omitted); *see also McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005) (holding trial court properly dismissed pursuant to 12(b)(6) plaintiff's claim where plaintiff did not allege existence of a valid option contract).

North Carolina General Statutes, Section 39-13.6. entitled "Control of real property held in tenancy by the entirety" states:

(a) A husband and wife shall have an equal right to the control, use, possession, rents, income, and profits of real property held

by them in tenancy by the entirety. **Neither spouse may bargain, sell, lease, mortgage, transfer, convey or in any manner encumber any property so held without the written joinder of the other spouse.** This section shall not be construed to require the spouse's joinder where a different provision is made under G.S. 39-13, G.S. 39-13.3, G.S. 39-13.4, or G.S. 52-10.

N.C.G.S. § 39-13.6 (a) (2005) (emphasis added). Pursuant to N.C.G.S. § 39-13.6, absent written authorized agency of a spouse, tenants by the entirety cannot be the subject of a complaint for specific performance, or breach of contract as to real property unless the Offer to Purchase and Contract is signed by both spouses. *See* N.C.G.S. § 39-13.6 (2005). This statute gives married women equal rights to use and control and obtain income from property held as entireties.

In this case, plaintiff alleges in his complaint that at the time the Offer to Purchase and Contract was signed, Willard Owen stated that he was the agent for his wife, Arimella, and therefore she did not need to sign the contract to execute the sale. Plaintiff further alleges Willard Owen stated this agency relationship existed "at all time herein and [Willard Owen] was acting within the scope of his authority as agent of his wife at the time of signing of the contract." Taking these allegations as true, the complaint on its face reveals that no law supports plaintiff's claim for specific performance or breach of contract. Here, the complaint shows the husband was the only seller who signed the Offer to Purchase and Contract; and there was no indication that the wife provided the husband with <u>written</u> authority to act on her behalf.[1] We hold plaintiff's complaint failed to state a legally sufficient claim and therefore affirm the trial court's order granting defendants' motion to dismiss and canceling the lis pendens attached to the subject property.

Affirmed.

Judge LEVINSON concurs.

---

1. Defendants, in their answer, deny plaintiff's allegations:

Defendant Willard Ray Owen had no authority to sign the [Offer to Purchase] on her behalf, and further no signature of the Defendant Arimella H. Owen was affixed to the Offer to Purchase by any person, at any time. The defendant Willard Ray Owen specifically denies making any representations to the plaintiff regarding being an agent for his wife, or regarding the requirement that she sign the Offer.

BURGIN v. OWEN

[181 N.C. App. 511 (2007)]

Judge TYSON dissents in a separate opinion.

TYSON, Judge, dissenting.

The majority's opinion holds "plaintiff's complaint failed to state a legally sufficient claim and . . . affirm[s] the trial court's order granting defendants' [Rule 12(b)(6)] motion to dismiss and canceling the lis pendens attached to the subject property." Taking the allegations in plaintiff's complaint as true, his allegations state a claim for which relief can be granted to survive defendants' Rule 12(b)(6) motion to dismiss. I vote to reverse the trial court's order and respectfully dissent.

## I. Standard of Review

Our Supreme Court has stated:

The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. A complaint may be dismissed on motion filed under Rule 12 (b) (6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged *appears on the face of the complaint* and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of plaintiffs' claim so as to enable him to answer and prepare for trial.

*Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981) (internal citations omitted) (emphasis supplied).

This Court has stated:

[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. In analyzing the sufficiency of the complaint, the complaint must be liberally construed.

*Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987) (internal citations omitted).

## II. Motion to Dismiss

. Plaintiff asserts he properly alleged a claim for breach of contract for sale of real property and entitlement to specific performance, and argues the trial court erred by granting defendants' Rule 12(b)(6) motion to dismiss. I agree.

"The elements of breach of contract are (1) the existence of a valid contract and (2) breach of the terms of the contract." *Long v. Long*, 160 N.C. App. 664, 668, 588 S.E.2d 1, 4 (2003). "[S]pecific performance is a proper remedy for enforcement of [a contract] to purchase real estate." *Rainbow Props. v. Wilkinson*, 147 N.C. App. 520, 523, 556 S.E.2d 11, 14 (2001). Where real property is the subject to the parties' agreement, either party may seek specific performance of the executory contract without showing the inadequacy of the legal remedy. *Deans v. Layton*, 89 N.C. App. 358, 371, 366 S.E.2d 560, 568, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 276 (1988).

### A. Statute of Frauds

A contract for the sale of real property must satisfy the statute of frauds. N.C. Gen. Stat. § 22-2 (2005) states:

> All contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, and all leases and · contracts for leasing land for the purpose of digging for gold or other minerals, or for mining generally, of whatever duration; and all other leases and contracts for leasing lands exceeding in duration three years from the making thereof, shall be void unless said contract, or some memorandum or note thereof, be put in writing and *signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized.*

(Emphasis supplied). Our Supreme Court has stated:

> In various decisions construing the statute, it is held that *the party to be charged is the one against whom relief is sought; and if the contract is sufficient to bind him, he can be proceeded against though the other could not be held, because as to him the statute is not sufficiently complied with.* As expressed in *Mizell, Jr. v. Burnett*, 49 N.C. 249: Under the statute of frauds, a contract in writing to sell land, signed by the vendor, is good against him, although the correlative obligation to pay the price is not in writing and cannot be enforced against the purchaser.

*Lewis v. Murray*, 177 N.C. 17, 19, 97 S.E. 750, 751 (1919) (emphasis supplied).

In *Brooks Distributing Co. v. Pugh*, our Supreme Court reversed and adopted *per curiam* the rationale of Judge Cozort's dissenting opinion which states in relevant part:

> It is inappropriate to consider, for purposes of a motion under 12(b)(6), whether the contract fails to comport with the statute of frauds, *because the defense that the statute of frauds bars enforcement of a contract is an affirmative defense that can only be raised by answer or reply.*

91 N.C. App. 715, 723-24, 373 S.E.2d 300, 305 (Cozort, J., dissenting) (emphasis supplied), *rev'd per curiam*, 324 N.C. 326, 378 S.E.2d 31 (1989). The statute of frauds or other statutory defenses are affirmative defenses, which "can only be raised by answer or reply" and cannot sustain a legal basis to affirm the trial court's grant of defendants' Rule 12(b)(6) motion to dismiss. *Id*; N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005).

### B. Agent of "Party to be Charged"

In addition, if agent of the party "to be charged" signs the contract for the purchase of real property, the contract will be enforceable against the principal whether present or not. *Blacknall v. Parish*, 59 N.C. 70, 72 (1860); *see also* N.C. Gen. Stat. § 22-2 ("or by some other person by him thereto lawfully authorized").

In *Reichler v. Tillman*, this Court reviewed facts and allegations very similar to those at bar and held:

> [U]nder the pleadings in this case, in which plaintiffs alleged and defendants denied that plaintiffs entered into a binding contract with both defendants, plaintiffs are free to offer such evidence as they may have to show that the husband-defendant was authorized by his wife to act as her agent to contract to sell the lands belonging to both as tenants by the entirety. There was no necessity that plaintiffs allege that the contract was executed by the feme defendant through an agent.

21 N.C. App. 38, 41, 203 S.E.2d 68, 70-71 (1974). Judge Parker (now Chief Justice), joined by Judges (later Justices) Britt and Vaughan unanimously held the plaintiffs' allegations of breach of contract and for specific performance were sufficient to survive a Rule 12(c) motion for judgment on the pleadings when the plaintiffs alleged they

"entered into a binding contract with defendants" for the purchase of the land, even though the "written 'memorandum of said contract' which was incorporated by reference into the complaint made no reference to the feme defendant and was not signed by her." *Id.* at 40, 203 S.E.2d at 70.

In so ruling, the Court quoted from *Lewis v. Allred*, 249 N.C. 486, 489, 106 S.E.2d 689, 692 (1959), and stated:

> The owner of real estate may sell such property through an agent, and when so acting the owner is not required to sign the agreement or to communicate with the purchaser. Moreover, the authority of a duly authorized agent to contract to convey lands need not be in writing under the statute of frauds. The agent may sign the contract to sell and convey in his own name or in the name of his principal or principals. Furthermore, the authority of an agent to sell the lands of another may be shown *aliunde* or by parol. *Hargrove v. Adcock, supra.*

*Reichler*, 21 N.C. App. at 41, 203 S.E.2d at 70 (citations omitted).

Here, plaintiff's complaint alleged:

> 4. On April 26, 2005, an Offer to Purchase and Contract was entered into between the Plaintiff and the Defendants, and a copy of such contract to purchase is attached hereto marked *Exhibit A* and incorporated herein by reference to the same extent as if set forth herein in full. At the time of the execution of the Offer to Purchase and Contract, Defendant Willard Ray Owen stated that he was the agent for his wife and that she did not need to sign the contract and agreement which is attached hereto as *Exhibit A.*

> . . . .

> 10. Defendant Willard Ray Owen was acting as the agent of his wife, Arimella H. Owen, at all times herein alleged and was acting within his scope of authority as agent of his wife at the time of the signing of the contract which is attached hereto as *Exhibit A.*

Taking plaintiff's allegations as true, as required under a Rule 12(b)(6) motion, this complaint properly alleged the elements of breach of contract for the sale of real property. *Country Club of Johnston Cty., Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002). The majority's opinion correctly recognizes on a motion to dismiss, the complaint's material factual alle-

gations are taken as true and liberally construed in plaintiff's favor. *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001).

It is undisputed that defendant Willard Ray Owen an owner signed the contract as seller. Plaintiff alleges defendant, Willard Ray Owen, also signed the contract as the agent for his wife, Arimella H. Owen. Whether that agent's authority is oral or written is immaterial at this stage of the proceeding. Defendant cannot assert any defenses on its Rule 12(b)(6) motion. The court must consider "as true" plaintiff's allegation that defendant, Willard Ray Owen, signed the contract as agent for his wife. Plaintiff alleged both defendants signed the contract and properly pled all required elements for breach of contract and entitlement to a remedy for specific performance. Plaintiff is entitled to offer proof, through discovery, affidavit, or testimony, to prove his allegations of agency. The trial court erred by granting defendants' Rule 12(b)(6) motion and dismissing plaintiff's claims.

### III. Conclusion

Plaintiff properly pled a claim for breach of contract for the sale of real property and entitlement to specific performance of defendants' contractual duty to convey. Under clearly established precedents, the trial court could not consider any statutory or affirmative defenses on defendants' Rule 12(b)(6) motion and was limited to ruling on whether plaintiff stated "a claim upon which relief can be granted." *Forbis*, 301 N.C. at 701, 273 S.E.2d at 241; N.C.R. Civ. P. 12(b)(6). The trial court erred when it granted defendants' Rule 12(b)(6) motion to dismiss. I vote to reverse the trial court's order and remand for further proceedings. I respectfully dissent.