IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-780

Filed 2 July 2025

Mecklenburg County, No. 23CV039020-590

MAJOR WHITE, LINDA PERRY WHITE, Plaintiffs,

v.

RONALD BOATWRIGHT, Defendant.

Appeal by plaintiffs from order entered 26 February 2024 by Judge Alyssa M. Levine in District Court, Mecklenburg County. Heard in the Court of Appeals 27 February 2025.

*McDonald Williams, PLLC, by Simoné A. Williams, for plaintiffs-appellants.*

*No brief filed for defendant-appellee.*

STROUD, Judge.

Plaintiffs appeal from the trial court's order dismissing their complaint for custody of their grandson, Tom.[1] Because the trial court applied the wrong standard for reviewing Defendant's motion to dismiss the complaint, we reverse the order dismissing the complaint.

## I. Factual and Procedural Background

On 12 December 2023, Plaintiffs Major White and Linda Perry White

---

[1] A pseudonym is used to protect the identity of the minor child.

("Grandparents") filed a complaint for child custody and attorney's fees against Tom's father, Defendant Ronald Boatwright ("Father"). According to Grandparents' verified complaint, their daughter—Shonté White—was the mother of Tom, who was born in 2016. Defendant and Tom's mother never married. Tom lived with his mother in Cabarrus County, North Carolina, and had some weekend visits with Father, who lived in Mecklenburg County, North Carolina. Grandparents resided in South Carolina. In August of 2023, Tom's mother became ill and was hospitalized, and Grandparents moved in with Tom and his mother to assist in caring for both of them during her illness. On 11 November 2023, Tom's mother died. Grandparents continued to care for Tom in Cabarrus County until 1 December 2023, when Grandparents allowed Tom to visit with Father for the weekend. Father refused to allow Tom to return to Grandparents after this visit. They filed their complaint for custody about two weeks later.

Grandparents' complaint also alleged the following:

> 17. At all times since [Tom's] birth in 2016, [Father] has acted inconsistent with his constitutional right as a parent in that he has failed and refused to establish and maintain a consistent relationship with [Tom] and failed to provide for [Tom]'s basic physical, emotional and developmental needs.
>
> 18. [Father] does not have an adequate living environment for [Tom]. Upon information and belief, [Father] resides in a three-bedroom apartment with a roommate and her two adult children. On the few occasions when [Tom] has stayed overnight with [Father], [Tom] has slept on a couch as there is no bedroom or bed available for [Tom].

. . . .

> 33. [Father] is not a fit and proper person to be awarded physical and/or legal custody of [Tom] and it is in the best interests of [Tom] for [Grandparents] to be awarded physical or legal custody of [Tom].

Grandparents alleged they "have been an integral part of [Tom's] life since his birth" and they "have a close, loving and significant relationship" with Tom.

On 8 January 2024, Father filed a *pro se* motion to dismiss Grandparents' complaint for child custody and attorney's fees. In the motion, Father alleged: "I am seeking dismissal of the filing. I am the child's biological father with his best interest [sic] mentally, emotionally and for the child's welfare." Father further alleged, as the reason he wanted the court to grant his motion, that "the child is in a safe environment and very stable. The child is happy and continues to excel in his educational and sport environments. The child does not lack in any areas of his life." Father also scheduled the motion to dismiss for hearing; Father checked the box indicating his motion was filed to "dismiss under Rule 12" in the "notice of motion" form.

On 26 February 2024, the trial court held a hearing on Father's motion to dismiss. Father represented himself and appeared at the hearing; Grandparents' counsel appeared but Grandparents did not. Grandparents' attorney noted that the hearing was scheduled for Father's motion to dismiss pursuant to Rule 12(b)(6). The attorney argued that because the motion to dismiss was filed under Rule 12(b)(6), the

trial court was required to consider the allegations of the complaint as true and in the light most favorable to Grandparents. She pointed out that Grandparents had alleged that they had a significant relationship with Tom and that Father had acted inconsistently with his constitutionally protected rights as a parent. For those reasons, Grandparents' attorney argued that the complaint stated a claim upon which custody could be awarded to Grandparents and the motion to dismiss should be denied.

The trial court allowed Father to testify at the hearing. Father testified generally that many of the allegations of the complaint were not true. He testified that he had been involved in Tom's life since his birth and he had provided financial support and was providing good care for Tom.

The trial court entered an order dismissing Grandparents' complaint with prejudice on the same day as the hearing. The reason for dismissal was stated as follows: "[Grandparents]' [a]ttorney Simone Williams appeared. [Grandparents] did not appear. [Father] appeared. [Father]'s motion to dismiss is hereby granted." (Capitalization altered.) Grandparents appeal.

## II. Analysis

Grandparents argue the trial court erred in granting Father's motion to dismiss because Father's motion failed to set forth any basis to dismiss Grandparents' complaint under Rule 12 of the North Carolina Rules of Civil Procedure, the trial court erred in granting Father's motion pursuant to Rule 12(b)(6), and the trial court

failed "to making findings of fact and conclusions of law sufficient to support an order of dismissal with prejudice[.]" (Capitalization altered.)

Although Father's motion to dismiss did not state a particular rule under which it was filed, the notice of hearing referenced "Rule 12." A motion to dismiss under Rule 12(b) of the Rules of Civil Procedure "shall be heard and determined before trial on application of any party, unless the judge orders that the hearing and determination thereof be deferred until the trial." N.C. Gen. Stat. § 1A-1, Rule 12(d) (2023). At the hearing, Grandparents' attorney noted that the motion appeared to be under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. She also noted that Father's motion was really more like an answer than a motion to dismiss, as he addressed the facts alleged in the complaint and he alleged he was providing appropriate care for Tom.

From a review of the record and transcript, Father's motion to dismiss could be considered as falling under either Rule 12(b)(1) or Rule 12(b)(6) of the North Carolina Rules of Civil Procedure:

> b) . . . Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> (1) Lack of jurisdiction over the subject matter,
>
> . . . .

> (6) Failure to state a claim upon which relief can be granted[.]

N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (b)(6) (2023). However, whether the trial court considered the motion to dismiss as falling under Rule 12(b)(1) or Rule 12(b)(6), the result here would be the same, as we use the same standard of review for both. *See United Daughters of the Confederacy v. City of Winston-Salem,* 383 N.C. 612, 624, 881 S.E.2d 32, 43 (2022) ("This Court reviews a trial court's decision to grant or deny a motion to dismiss for lack of standing using a de novo standard of view, under which it views the allegations as true and the supporting record in the light most favorable to the non-moving party, with this being the applicable standard of review regardless of whether the complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6)[.]" (citation, quotation marks, and brackets omitted)). It is well established that we review an order regarding a motion to dismiss *de novo*:

> At the motion to dismiss stage, all factual allegations in the pleadings are viewed in the light most favorable to the plaintiff, granting the plaintiff every reasonable inference. We review de novo whether a plaintiff has standing to bring a claim.
>
> [North Carolina General Statute Section] 50-13.1(a) provides that any parent, relative, or other person claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child. N.C. Gen. Stat. § 50-13.1(a) (2019). The statute grants grandparents the broad privilege to institute an action for custody. Although grandparents have the right to bring an initial suit for custody, they must still overcome the parents' constitutionally protected rights.

> To survive a motion to dismiss for lack of standing, grandparents must allege both that they are the grandparents of the minor child and facts sufficient to demonstrate that the minor child's parent is unfit or has engaged in conduct inconsistent with their parental status. *See, e.g., Rodriguez v. Rodriguez*, 211 N.C. App. 267, 276, 710 S.E.2d 235, 241-42 (2011) ("The plaintiffs had standing to proceed in an action for custody pursuant to N.C. Gen. Stat. § 50-13.1(a) as they alleged they are the grandparents of the children and that the defendant had acted inconsistently with her parental status and was unfit because she had neglected the children.") (citation omitted); *Grindstaff*, 152 N.C. App. at 292, 567 S.E.2d at 432 ("Grandparents alleging unfitness of their grandchildren's parents have a right to bring an initial suit for custody.").

*Thomas v. Oxendine*, 280 N.C. App. 526, 530-31, 867 S.E.2d 728, 733-34 (2021) (citations, quotation marks, brackets, and ellipses omitted).

Grandparents' arguments on appeal can be resolved by applying the appropriate standard of review for a motion to dismiss under Rule 12(b)(6). At the hearing on Father's motion to dismiss, the trial court allowed Father to testify. Normally, it is not appropriate to consider testimony at a hearing on a motion to dismiss under Rule 12(b)(6), because a motion to dismiss is based only on the sufficiency of the complaint. *See Sterner v. Penn*, 159 N.C. App. 626, 628, 583 S.E.2d 670, 672 (2003) ("A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." (citation omitted)). Also, Rule 12(d) states that the motion to dismiss "*shall* be heard and determined before trial on application of any party, unless the judge orders that the hearing and determination thereof be deferred until the trial." N.C. Gen. Stat. §

1A-1, Rule 12(d) (emphasis added). Here, the trial court allowed Father to testify instead of hearing the motion to dismiss on the pleadings. But in any event, for purposes of a motion to dismiss, the trial court must accept all of the complaint's material factual allegations as true. *See Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428 (2007) ("On a motion to dismiss, the complaint's material factual allegations are taken as true." (citation omitted)).

The allegations in the complaint, taken as true, would establish Grandparents' standing to bring a custody claim for Tom. *See Thomas*, 280 N.C. App. at 531, 867 S.E.2d at 733-34. Grandparents alleged that Father acted in a manner inconsistent with his constitutionally protected rights as a parent and made specific allegations regarding his failure to provide for Tom, to establish a relationship with Tom, and to be able to provide an adequate home for Tom. *See id.* It is entirely possible—as the trial court apparently concluded—that these allegations are not entirely true and that Father is a fit and proper parent, but that would be a factual determination contrary to the allegations of the complaint. For purposes of *de novo* review of a motion to dismiss under Rule 12(b)(6), we are required to consider the allegations as true. *See Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 428. Therefore, Grandparents' complaint adequately stated a claim upon which relief can be granted and the allegations of the complaint, taken as true, establish Grandparents' standing to bring a claim under North Carolina General Statute Section 50-13.1. *See Deanes v. Deanes*, 294 N.C. App. 29, 33, 901 S.E.2d 880, 883 (2024) ("Before addressing [the

g]randparents' arguments directly, we first note a procedural issue complicating our review. Standing to bring a custody claim should be based upon the allegations of the pleadings." (citation omitted)).

Grandparents also argue that the trial court should have made findings of fact or conclusions of law to explain the rationale for the dismissal of the claim. However, the trial court's order clearly granted Father's motion to dismiss. Beyond dismissing the complaint, the order only noted that Father was present and that Grandparents were not. Grandparents' counsel was present and a motion to dismiss is normally heard upon the pleadings. The motion to dismiss is required to be heard before a trial on the merits according to Rule 12(d) "*unless* the judge orders that the hearing and determination thereof be deferred until the trial." N.C. Gen. Stat. § 1A-1, Rule 12(d) (emphasis added). Here, the trial court did not order "that the hearing and determination of the motion to dismiss be deferred until the trial" and there would be no reason for Grandparents to be present to testify at the hearing on a motion to dismiss under Rule 12(b)(1) or (b)(6). *See id.* There is generally no need for findings of fact in a motion either allowing or denying a motion to dismiss under Rule 12(b)(6) since this motion merely tests the sufficiency of the pleading and the trial court must consider the allegations as true. *See Maynard v. Crook*, 289 N.C. App. 357, 367, 890 S.E.2d 164, 172 (2023) ("The purpose of the entry of findings of fact by a trial court is to resolve contested issues of fact, to make clear what was decided for purposes of res judicata and estoppel, and to allow for meaningful appellate review." (citations

omitted)).

Although we are reversing the trial court's order of dismissal, we note that on remand the trial court may fully consider the evidence presented by the parties at a properly noticed hearing, and the trial court may rule upon the custody claim based upon its findings of fact and conclusions of law. This opinion addresses *only* the issue of whether Grandparents' complaint was sufficient to state their claims for custody and their standing to bring a custody claim under North Carolina General Statute Section 50-13.1, and based on the allegations of the complaint, which we must consider as true, they have standing. Beyond this, we express no opinion as to the merits of the case on remand.

## III.    Conclusion

For the reasons stated above, the trial court's order granting Father's motion to dismiss is reversed. This matter is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

Judges GRIFFIN and FLOOD concur.