IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-218

 No. COA21-429

 Filed 5 April 2022

 Buncombe County, No. 21 CVS 1182

 THE SOCIETY FOR THE HISTORICAL PRESERVATION OF THE TWENTY-
 SIXTH NORTH CAROLINA TROOPS, INC., Plaintiff,

 v.

 CITY OF ASHEVILLE, NORTH CAROLINA, and BUNCOMBE COUNTY, NORTH
 CAROLINA, Defendants.

 Appeal by plaintiff from order entered 30 April 2021 by Judge Alan Z.

 Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals

 22 February 2022.

 The Law Office of H. Edward Phillips, PLLC, by H. Edward Phillips, III, for
 plaintiff-appellant.

 City of Asheville Attorney’s Office, by Senior Assistant Attorney Eric P.
 Edgerton, for defendant-appellee City of Asheville.

 No brief filed for defendant-appellee Buncombe County.

 ARROWOOD, Judge.

¶1 The Society for the Historical Preservation of the Twenty-Sixth North Carolina

 Troops, Inc. (“plaintiff”) appeals from the trial court’s order dismissing plaintiff’s

 complaint, which was brought against the City of Asheville (“defendant City”) and

 Buncombe County (“defendant County”) (collectively, “defendants”) for breach of
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 contract. Plaintiff contends the trial court erred as a matter of law in dismissing the

 complaint on the grounds that plaintiff had standing to bring the complaint, and that

 the complaint stated a claim upon which relief could be granted. For the following

 reasons, we affirm the trial court.

 I. Background

¶2 On 23 March 2021, plaintiff filed a complaint in Buncombe County Superior

 Court claiming breach of contract. Plaintiff’s complaint was filed in response to the

 announced decision to remove and deconstruct the Zebulon Baird Vance Monument

 (“Vance Monument”) situated in Asheville, North Carolina. Plaintiff alleged that it

 undertook a project to restore and preserve the Vance Monument pursuant to a

 contract with defendant City made in 2015. Plaintiff alleged that, prior to contracting

 with defendant City, it raised approximately $138,447.381 to pay for the restoration

 and preservation of the Vance Monument.

¶3 The complaint additionally provided that “[plaintiff] never intended that the

 money its organization raised, that its members donated out-of-pocket as individuals,

 and the countless man hours expended for the better part of three years would be

 thrown asunder by elected officials representing the Defendants[,]” violating the

 1 A footnote in the complaint states that, of this total, the City of Asheville donated $22,608.38

 and Buncombe County donated $7,500.00; plaintiff contributed $108,341.00.
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 terms of the contract “and likely in violation of state law.”

¶4 Underlying the breach of contract claim, plaintiff sought a temporary

 restraining order, preliminary and permanent injunction, and declaratory judgment.

 Plaintiff alleged that, due to its fundraising efforts and contract with defendant City,

 “a removal of the Vance Monument will cause an injury that is unique to [plaintiff],

 which cannot be compensated through an award of monetary damages.” Plaintiff

 further alleged that there was “no other adequate remedy at law” if defendants

 permanently removed and destroyed the Vance Monument, and that there was “no

 recompense that can be given to [plaintiff] that will compensate them for their

 preservation efforts in 2015.”

¶5 Attached as Exhibit B was the “Donation Agreement” between plaintiff and

 defendant City. Paragraph one, titled “Donation,” provided the following:

 [Plaintiff] agrees to purchase and contract for the
 Restoration on the Vance Monument at Pack Square Park,
 in accordance with the terms and conditions set forth in
 this Agreement. Upon completion of [plaintiff]’s work of
 said Restoration in accordance with the terms and
 conditions set forth in this Agreement, the City agrees to
 accept said donation.

 The Donation Agreement further provided that the “parties agree[d] that a

 reasonable estimate of the total value of the donation” was $115,000.00. The

 Donation Agreement also set forth several “General Conditions[,]” including that
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 defendant City “reserves the right to reject any and all work and materials, which in

 the reasonable opinion of the City’s Project Manager, do not meet the requirements

 of the approved site plan and specifications.”

¶6 On 27 January 2021, plaintiff filed a “Petition to Preserve Historic Artifact”

 with the North Carolina Historical Commission. The Petition asserted plaintiff’s

 claim that defendant City lacked authority under N.C. Gen. Stat. § 100-2.1 to remove

 the Vance Monument.

¶7 On 29 March 2021, defendant City filed a motion to dismiss the complaint for

 failure to state a claim upon which relief could be granted, also seeking an award of

 attorney fees alleging a lack of a justiciable issue. On 7 April 2021, defendant County

 filed an answer generally denying the allegations set out in plaintiff’s complaint and

 seeking dismissal, also arguing that plaintiff lacked standing and that the complaint

 failed to state a claim upon which relief could be granted. On 9 April 2021, plaintiff

 filed a motion to stay the proceedings pending a decision by the North Carolina

 Supreme Court in the appeal of United Daughters of the Confederacy v. City of

 Winston-Salem by and through Joines, 275 N.C. App. 402, 853 S.E.2d 216 (2020).

¶8 The matter was heard in Buncombe County Superior Court on 12 April 2021,

 Judge Thornburg presiding. On 30 April 2021, the trial court entered an order

 denying plaintiff’s motion to stay and granting defendants’ motions to dismiss for
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 failure to state a claim upon which relief could be granted.

¶9 In the order, the trial court concluded that the obligations of any potential

 agreement between the parties had been fulfilled, and therefore plaintiff “failed to

 sufficiently allege a breach of contract claim.” The trial court further concluded that

 plaintiff’s claims were “not sufficiently apposite to those pending before the Supreme

 Court of North Carolina to warrant a delay in the proceedings[,]” and that plaintiff

 lacked standing to bring the remaining claims because plaintiff “and its individual

 members are not injuriously affected in their persons, property or constitutional

 rights in a manner to create an actual controversy and standing in this matter.”

 Regarding defendant City’s request for attorney’s fees, the trial court found that there

 was not “a complete absence of a justiciable issue of either law or fact raised by” the

 pleadings and that an award of attorney’s fees was not proper.

¶ 10 Plaintiff filed notice of appeal on 18 May 2021. On 23 August 2021, plaintiff

 filed a motion for stay of appellate proceedings pending a decision by the North

 Carolina Supreme Court in United Daughters. Plaintiff’s motion was denied on

 7 September 2021. Defendant City filed a motion to dismiss plaintiff’s appeal on

 8 September 2021. Defendant City’s motion was denied on 21 September 2021.

 II. Discussion

¶ 11 Plaintiff contends the trial court erred in dismissing plaintiff’s complaint for
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 lack of standing and failure to state a claim. Defendant contends that plaintiff’s

 argument on appeal ignores this Court’s decision in United Daughters and that

 dismissal with prejudice was proper.

 A. Standard of Review

¶ 12 This Court reviews an order granting a motion to dismiss to determine

 “whether the complaint states a claim for which relief can be granted under some

 legal theory when the complaint is liberally construed and all the allegations included

 therein are taken as true.” Burgin v. Owen, 181 N.C. App. 511, 512, 640 S.E.2d 427,

 428 (2007) (citation omitted).

 Dismissal is proper “when one of the following three
 conditions is satisfied: (1) the complaint on its face reveals
 that no law supports the plaintiff’s claim; (2) the complaint
 on its face reveals the absence of facts sufficient to make a
 good claim; or (3) the complaint discloses some fact that
 necessarily defeats the plaintiff’s claim.”

 Id. at 512, 640 S.E.2d at 428-29 (quoting Wood v. Guilford Cty., 355 N.C. 161, 166,

 558 S.E.2d 490, 494 (2002)). “On appeal of a 12(b)(6) motion to dismiss, this Court

 conducts a de novo review of the pleadings to determine their legal sufficiency and to

 determine whether the trial court’s ruling on the motion to dismiss was correct.”

 Birtha v. Stonemor, N.C., LLC, 220 N.C. App. 286, 291, 727 S.E.2d 1, 6 (2012) (citation

 omitted).

 B. Standing
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

¶ 13 Previously in North Carolina, a plaintiff was required to demonstrate three

 things to establish standing: injury in fact, a concrete and actual invasion of a legally

 protected interest; the traceability of the injury to a defendant’s actions; and the

 probability that the injury can be redressed by a favorable decision. Neuse River

 Found., Inc. v. Smithfield Foods, Inc., 155 N.C. App. 110, 114, 574 S.E.2d 48, 51-52

 (2002) (citations omitted).

¶ 14 Recently, our Supreme Court held as a matter of first impression that the

 North Carolina Constitution does not include an injury-in-fact requirement for

 standing where a purely statutory or common law right is at issue. “When a person

 alleges the infringement of a legal right arising under a cause of action at common

 law, a statute, or the North Carolina Constitution, . . . the legal injury itself gives rise

 to standing.” Comm. to Elect Dan Forest v. Emps. Pol. Action Comm., 2021-NCSC-6,

 ¶ 82. “The North Carolina Constitution confers standing to sue in our courts on those

 who suffer the infringement of a legal right, because ‘every person for an injury done

 him in his lands, goods, person, or reputation shall have remedy by due course of

 law.’ ” Id. (quoting N.C. Const. art. I, § 18, cl. 2). The Court specified that the word

 “injury” means, “at a minimum, the infringement of a legal right; not necessarily

 ‘injury in fact’ or factual harm[.]” Id. ¶ 81.

¶ 15 Accordingly, to establish standing, a plaintiff must demonstrate the following:
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 a legal injury; the traceability of the injury to a defendant’s actions; and the

 probability that the injury can be redressed by a favorable decision. See id.

¶ 16 In pursuing a declaratory judgment with respect to the rights in a statue, a

 plaintiff is required to “show, at the very least, that it possessed some rights in the

 statue—a legally protected interest invaded by defendants’ conduct.” United

 Daughters, 275 N.C. App. at 407, 853 S.E.2d at 220.

¶ 17 In this case, plaintiff presents several arguments that it has “a sufficient stake

 in an otherwise justiciable controversy so as to properly seek adjudication of the

 matter[,]” and accordingly standing to sue. These arguments include plaintiff’s

 contention that it has representational standing for its individual members as

 taxpayers, or alternatively that it “has succeeded to the interests of those who were

 responsible for designing, funding, and erecting” the Vance Monument. Plaintiff

 asserts that the underlying “actual controversy between the parties” is defendants’

 decision “to demolish and remove” the Vance Monument.

¶ 18 We first address plaintiff’s standing argument with respect to the breach of

 contract claim. To satisfy the first element of standing, plaintiff was required to

 demonstrate that it suffered a legal injury, or the infringement of a legal right, by

 breach of contract.

¶ 19 As previously discussed, plaintiff’s complaint alleged that defendant City
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 breached the Donation Agreement by deciding to dismantle the Vance Monument.

 Plaintiff attached a copy of the Donation Agreement to its complaint. The Donation

 Agreement specifically provided that plaintiff would “donate” the restoration work to

 defendant City upon completion; the donation had an estimated value of $115,000.00.

 Notably, the Donation Agreement describes the work as the “Restoration” and does

 not contemplate ongoing preservation efforts.

¶ 20 The trial court’s order provided the following:

 After considering the pleadings, the parties’ submissions,
 the arguments of counsel, and the record, the Court
 concludes that, in the event that Plaintiff has properly
 alleged the existence of a valid contract, the obligations of
 any potential agreement have been fulfilled; therefore,
 Plaintiff has failed to sufficiently allege a breach of contract
 claim.

¶ 21 A close comparison of the Donation Agreement and plaintiff’s complaint bring

 us to the conclusion that plaintiff has not sufficiently demonstrated or alleged a legal

 injury. The Donation Agreement, which both parties agreed to, and plaintiff now

 asserts enforcement of, contemplated a limited duration and scope of restoring the

 monument, with plaintiff’s contributions to be donated upon completion. Contrary to

 the plain language of the Donation Agreement, plaintiff’s complaint and argument

 on appeal introduce plaintiff’s intent to preserve the monument. No portion of the

 Donation Agreement binds either party to engage in preservation efforts after the
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 restoration work was completed.

¶ 22 Plaintiff’s complaint would sufficiently allege a breach of contract claim if the

 contract bound the parties to engage in preservation efforts, or to maintain the Vance

 Monument in its current state for some defined period of time. Instead, the contract

 in this case was for the donation of restoration work, which was completed prior to

 defendant City’s decision to remove the Vance Monument. Accordingly, as the trial

 court properly concluded, plaintiff’s complaint did not sufficiently allege a breach of

 contract claim, and plaintiff has failed to satisfy the first element of standing to bring

 its breach of contract claim.

¶ 23 Although plaintiff’s brief primarily focuses on defendant City and does not

 specifically address defendant County’s motion to dismiss, plaintiff similarly does not

 have standing to bring a breach of contract claim against defendant County.

 Defendant County was not a party to the contract, and accordingly was unable to

 breach the contract. The trial court properly granted defendant County’s motion to

 dismiss for failure to state a claim and lack of standing.

¶ 24 We turn next to plaintiff’s claim for a temporary restraining order and

 preliminary injunction. As with the breach of contract claim, in order to establish

 standing, plaintiff is required to demonstrate a legal injury.

¶ 25 Plaintiff’s remaining claims for relief repeatedly reference the Donation
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 Agreement and plaintiff’s fundraising efforts. Plaintiff’s complaint also references

 the “Petition to Preserve Historic Artifact” which was “specifically requesting the aid

 of the Historical Commission to exercise its statutory authority under N.C. Gen. Stat.

 § 143B-62 and assist in providing aid to [plaintiff] in its continued preservation efforts

 to maintain the Vance Monument.”

¶ 26 It is somewhat unclear what legal injury plaintiff asserts, in both the complaint

 and the present appeal, in seeking the TRO, preliminary injunction, and declaratory

 judgment. The portions of plaintiff’s brief discussing N.C. Gen. Stat. § 100-2.1 include

 a non-sequitur discussion of chattels, the assertion that “this action squarely raises

 the question of the applicability of the Monuments Act[,]” and the assertion that

 plaintiff has “an abiding and cognizable legal interest in the Vance Monument

 because it is a legacy organization which was responsible for its restoration and its

 acceptance by [d]efendant City.”

¶ 27 None of these arguments establish a legal injury suffered by plaintiff sufficient

 to establish standing. Although plaintiff has filed a Petition with the Historical

 Commission, the Petition taken together with defendant City’s decision to remove the

 Vance Monument do not legally injure plaintiff. The Petition is a matter for the

 Historical Commission to consider and is not before the trial court or this Court.

¶ 28 Regarding plaintiff’s assertion that it has a legal interest as a legacy
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 organization, this assertion was rejected in United Daughters, where “plaintiffs

 alleged no ownership rights to the statue[,]” and accordingly “failed to demonstrate

 or allege any legal interest in the statue.” United Daughters, 275 N.C. App. at 408,

 853 S.E.2d at 220. Similarly in this case, plaintiff has not alleged any ownership

 rights to the statue, and accordingly has failed to demonstrate any legal interest in

 the statue. Without the breach of contract claim, and with no ownership rights to the

 Vance Monument, plaintiff is unable to establish a legal injury, and is therefore

 unable to establish standing for its claims for a TRO, preliminary injunction, and

 declaratory judgment.

 C. Failure to State a Claim

¶ 29 Plaintiff next contends the trial court erred in dismissing plaintiff’s complaint

 for failure to state a claim upon which relief could be granted. We disagree.

¶ 30 “The elements of a claim for breach of contract are (1) existence of a valid

 contract and (2) breach of the terms of that contract.” Poor v. Hill, 138 N.C. App. 19,

 26, 530 S.E.2d 838, 843 (2000) (citation omitted). The “elements of a valid contract

 are offer, acceptance, consideration, and mutuality of assent to the contract’s

 essential terms.” Se. Caissons, LLC v. Choate Const. Co., 247 N.C. App. 104, 110, 784

 S.E.2d 650, 654 (2016) (citing Snyder v. Freeman, 300 N.C. 204, 218, 266 S.E.2d 593,

 602 (1980)). “Generally, a party seeking to enforce a contract has the burden of
 THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 proving the essential elements of a valid contract.” Murray v. Deerfield Mobile Home

 Park, LLC, 2021-NCCOA-213, ¶ 36 (citation and quotation marks omitted), review

 dismissed, 860 S.E.2d 921, and review denied, 861 S.E.2d 330 (2021).

¶ 31 In this case, plaintiff had the burden of proving that a valid contract existed

 between the parties and that defendants breached the terms of that contract. As

 previously discussed, the evidence presented was sufficient to establish that the

 contractual relationship between plaintiff and defendant City was complete.

 Nowhere in the Donation Agreement did defendant City grant any ownership rights

 in the Vance Monument to plaintiff; the Donation Agreement specifically

 contemplated a limited scope and duration. As defendant City aptly puts it, plaintiff’s

 complaint seeks “to read into the Donation Agreement a fifth obligation with which

 the City would be required to comply: maintaining the Vance Monument in place for

 all eternity.” Although there was sufficient evidence that a contract existed, there

 was insufficient evidence that defendant City breached the contract. The trial court

 did not err in dismissing plaintiff’s complaint for failure to state a claim.

 III. Conclusion

¶ 32 For the foregoing reasons, we hold that plaintiff lacked standing to assert its

 claims, and that the trial court did not err in dismissing plaintiff’s complaint for

 failure to state a claim.
THE SOC’Y FOR THE HIST. PRES. OF THE TWENTY-SIXTH N.C. TROOPS, INC. V. CITY OF
 ASHEVILLE

 2022-NCCOA-218

 Opinion of the Court

 AFFIRMED.

 Chief Judge STROUD and Judge WOOD concur.