IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-218

No. COA21-429

Filed 5 April 2022

Buncombe County, No. 21 CVS 1182

THE SOCIETY FOR THE HISTORICAL PRESERVATION OF THE TWENTY-SIXTH NORTH CAROLINA TROOPS, INC., Plaintiff,

v.

CITY OF ASHEVILLE, NORTH CAROLINA, and BUNCOMBE COUNTY, NORTH CAROLINA, Defendants.

Appeal by plaintiff from order entered 30 April 2021 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 22 February 2022.

> *The Law Office of H. Edward Phillips, PLLC, by H. Edward Phillips, III, for plaintiff-appellant.*

> *City of Asheville Attorney's Office, by Senior Assistant Attorney Eric P. Edgerton, for defendant-appellee City of Asheville.*

> *No brief filed for defendant-appellee Buncombe County.*

ARROWOOD, Judge.

The Society for the Historical Preservation of the Twenty-Sixth North Carolina Troops, Inc. ("plaintiff") appeals from the trial court's order dismissing plaintiff's complaint, which was brought against the City of Asheville ("defendant City") and Buncombe County ("defendant County") (collectively, "defendants") for breach of

contract. Plaintiff contends the trial court erred as a matter of law in dismissing the complaint on the grounds that plaintiff had standing to bring the complaint, and that the complaint stated a claim upon which relief could be granted. For the following reasons, we affirm the trial court.

## I.     Background

On 23 March 2021, plaintiff filed a complaint in Buncombe County Superior Court claiming breach of contract. Plaintiff's complaint was filed in response to the announced decision to remove and deconstruct the Zebulon Baird Vance Monument ("Vance Monument") situated in Asheville, North Carolina. Plaintiff alleged that it undertook a project to restore and preserve the Vance Monument pursuant to a contract with defendant City made in 2015. Plaintiff alleged that, prior to contracting with defendant City, it raised approximately $138,447.38[1] to pay for the restoration and preservation of the Vance Monument.

The complaint additionally provided that "[plaintiff] never intended that the money its organization raised, that its members donated out-of-pocket as individuals, and the countless man hours expended for the better part of three years would be thrown asunder by elected officials representing the Defendants[,]" violating the

---

[1] A footnote in the complaint states that, of this total, the City of Asheville donated $22,608.38 and Buncombe County donated $7,500.00; plaintiff contributed $108,341.00.

terms of the contract "and likely in violation of state law."

¶ 4    Underlying the breach of contract claim, plaintiff sought a temporary restraining order, preliminary and permanent injunction, and declaratory judgment. Plaintiff alleged that, due to its fundraising efforts and contract with defendant City, "a removal of the Vance Monument will cause an injury that is unique to [plaintiff], which cannot be compensated through an award of monetary damages." Plaintiff further alleged that there was "no other adequate remedy at law" if defendants permanently removed and destroyed the Vance Monument, and that there was "no recompense that can be given to [plaintiff] that will compensate them for their preservation efforts in 2015."

¶ 5    Attached as Exhibit B was the "Donation Agreement" between plaintiff and defendant City. Paragraph one, titled "Donation," provided the following:

> [Plaintiff] agrees to purchase and contract for the Restoration on the Vance Monument at Pack Square Park, in accordance with the terms and conditions set forth in this Agreement. Upon completion of [plaintiff]'s work of said Restoration in accordance with the terms and conditions set forth in this Agreement, the City agrees to accept said donation.

The Donation Agreement further provided that the "parties agree[d] that a reasonable estimate of the total value of the donation" was $115,000.00. The Donation Agreement also set forth several "General Conditions[,]" including that

defendant City "reserves the right to reject any and all work and materials, which in the reasonable opinion of the City's Project Manager, do not meet the requirements of the approved site plan and specifications."

¶ 6    On 27 January 2021, plaintiff filed a "Petition to Preserve Historic Artifact" with the North Carolina Historical Commission. The Petition asserted plaintiff's claim that defendant City lacked authority under N.C. Gen. Stat. § 100-2.1 to remove the Vance Monument.

¶ 7    On 29 March 2021, defendant City filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, also seeking an award of attorney fees alleging a lack of a justiciable issue. On 7 April 2021, defendant County filed an answer generally denying the allegations set out in plaintiff's complaint and seeking dismissal, also arguing that plaintiff lacked standing and that the complaint failed to state a claim upon which relief could be granted. On 9 April 2021, plaintiff filed a motion to stay the proceedings pending a decision by the North Carolina Supreme Court in the appeal of *United Daughters of the Confederacy v. City of Winston-Salem by and through Joines*, 275 N.C. App. 402, 853 S.E.2d 216 (2020).

¶ 8    The matter was heard in Buncombe County Superior Court on 12 April 2021, Judge Thornburg presiding. On 30 April 2021, the trial court entered an order denying plaintiff's motion to stay and granting defendants' motions to dismiss for

failure to state a claim upon which relief could be granted.

In the order, the trial court concluded that the obligations of any potential agreement between the parties had been fulfilled, and therefore plaintiff "failed to sufficiently allege a breach of contract claim." The trial court further concluded that plaintiff's claims were "not sufficiently apposite to those pending before the Supreme Court of North Carolina to warrant a delay in the proceedings[,]" and that plaintiff lacked standing to bring the remaining claims because plaintiff "and its individual members are not injuriously affected in their persons, property or constitutional rights in a manner to create an actual controversy and standing in this matter." Regarding defendant City's request for attorney's fees, the trial court found that there was not "a complete absence of a justiciable issue of either law or fact raised by" the pleadings and that an award of attorney's fees was not proper.

Plaintiff filed notice of appeal on 18 May 2021. On 23 August 2021, plaintiff filed a motion for stay of appellate proceedings pending a decision by the North Carolina Supreme Court in *United Daughters*. Plaintiff's motion was denied on 7 September 2021. Defendant City filed a motion to dismiss plaintiff's appeal on 8 September 2021. Defendant City's motion was denied on 21 September 2021.

## II.    Discussion

Plaintiff contends the trial court erred in dismissing plaintiff's complaint for

lack of standing and failure to state a claim. Defendant contends that plaintiff's argument on appeal ignores this Court's decision in *United Daughters* and that dismissal with prejudice was proper.

### A.     Standard of Review

This Court reviews an order granting a motion to dismiss to determine "whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428 (2007) (citation omitted).

> Dismissal is proper "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."

*Id.* at 512, 640 S.E.2d at 428-29 (quoting *Wood v. Guilford Cty.,* 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). "On appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Birtha v. Stonemor, N.C., LLC*, 220 N.C. App. 286, 291, 727 S.E.2d 1, 6 (2012) (citation omitted).

### B.     Standing

¶ 13 Previously in North Carolina, a plaintiff was required to demonstrate three things to establish standing: injury in fact, a concrete and actual invasion of a legally protected interest; the traceability of the injury to a defendant's actions; and the probability that the injury can be redressed by a favorable decision. *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51-52 (2002) (citations omitted).

¶ 14 Recently, our Supreme Court held as a matter of first impression that the North Carolina Constitution does not include an injury-in-fact requirement for standing where a purely statutory or common law right is at issue. "When a person alleges the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, . . . the legal injury itself gives rise to standing." *Comm. to Elect Dan Forest v. Emps. Pol. Action Comm.*, 2021-NCSC-6, ¶ 82. "The North Carolina Constitution confers standing to sue in our courts on those who suffer the infringement of a legal right, because 'every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law.'" *Id.* (quoting N.C. Const. art. I, § 18, cl. 2). The Court specified that the word "injury" means, "at a minimum, the infringement of a legal right; not necessarily 'injury in fact' or factual harm[.]" *Id.* ¶ 81.

¶ 15 Accordingly, to establish standing, a plaintiff must demonstrate the following:

a legal injury; the traceability of the injury to a defendant's actions; and the probability that the injury can be redressed by a favorable decision. *See id.*

¶ 16 In pursuing a declaratory judgment with respect to the rights in a statue, a plaintiff is required to "show, at the very least, that it possessed some rights in the statue—a legally protected interest invaded by defendants' conduct." *United Daughters*, 275 N.C. App. at 407, 853 S.E.2d at 220.

¶ 17 In this case, plaintiff presents several arguments that it has "a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter[,]" and accordingly standing to sue. These arguments include plaintiff's contention that it has representational standing for its individual members as taxpayers, or alternatively that it "has succeeded to the interests of those who were responsible for designing, funding, and erecting" the Vance Monument. Plaintiff asserts that the underlying "actual controversy between the parties" is defendants' decision "to demolish and remove" the Vance Monument.

¶ 18 We first address plaintiff's standing argument with respect to the breach of contract claim. To satisfy the first element of standing, plaintiff was required to demonstrate that it suffered a legal injury, or the infringement of a legal right, by breach of contract.

¶ 19 As previously discussed, plaintiff's complaint alleged that defendant City

breached the Donation Agreement by deciding to dismantle the Vance Monument. Plaintiff attached a copy of the Donation Agreement to its complaint. The Donation Agreement specifically provided that plaintiff would "donate" the restoration work to defendant City upon completion; the donation had an estimated value of $115,000.00. Notably, the Donation Agreement describes the work as the "Restoration" and does not contemplate ongoing preservation efforts.

The trial court's order provided the following:

> After considering the pleadings, the parties' submissions, the arguments of counsel, and the record, the Court concludes that, in the event that Plaintiff has properly alleged the existence of a valid contract, the obligations of any potential agreement have been fulfilled; therefore, Plaintiff has failed to sufficiently allege a breach of contract claim.

A close comparison of the Donation Agreement and plaintiff's complaint bring us to the conclusion that plaintiff has not sufficiently demonstrated or alleged a legal injury. The Donation Agreement, which both parties agreed to, and plaintiff now asserts enforcement of, contemplated a limited duration and scope of *restoring* the monument, with plaintiff's contributions to be *donated* upon completion. Contrary to the plain language of the Donation Agreement, plaintiff's complaint and argument on appeal introduce plaintiff's intent to *preserve* the monument. No portion of the Donation Agreement binds either party to engage in preservation efforts after the

restoration work was completed.

¶ 22 Plaintiff's complaint would sufficiently allege a breach of contract claim if the contract bound the parties to engage in preservation efforts, or to maintain the Vance Monument in its current state for some defined period of time. Instead, the contract in this case was for the donation of restoration work, which was completed prior to defendant City's decision to remove the Vance Monument. Accordingly, as the trial court properly concluded, plaintiff's complaint did not sufficiently allege a breach of contract claim, and plaintiff has failed to satisfy the first element of standing to bring its breach of contract claim.

¶ 23 Although plaintiff's brief primarily focuses on defendant City and does not specifically address defendant County's motion to dismiss, plaintiff similarly does not have standing to bring a breach of contract claim against defendant County. Defendant County was not a party to the contract, and accordingly was unable to breach the contract. The trial court properly granted defendant County's motion to dismiss for failure to state a claim and lack of standing.

¶ 24 We turn next to plaintiff's claim for a temporary restraining order and preliminary injunction. As with the breach of contract claim, in order to establish standing, plaintiff is required to demonstrate a legal injury.

¶ 25 Plaintiff's remaining claims for relief repeatedly reference the Donation

Agreement and plaintiff's fundraising efforts. Plaintiff's complaint also references the "Petition to Preserve Historic Artifact" which was "specifically requesting the aid of the Historical Commission to exercise its statutory authority under N.C. Gen. Stat. § 143B-62 and assist in providing aid to [plaintiff] in its continued preservation efforts to maintain the Vance Monument."

It is somewhat unclear what legal injury plaintiff asserts, in both the complaint and the present appeal, in seeking the TRO, preliminary injunction, and declaratory judgment. The portions of plaintiff's brief discussing N.C. Gen. Stat. § 100-2.1 include a non-sequitur discussion of chattels, the assertion that "this action squarely raises the question of the applicability of the Monuments Act[,]" and the assertion that plaintiff has "an abiding and cognizable legal interest in the Vance Monument because it is a legacy organization which was responsible for its restoration and its acceptance by [d]efendant City."

None of these arguments establish a legal injury suffered by plaintiff sufficient to establish standing. Although plaintiff has filed a Petition with the Historical Commission, the Petition taken together with defendant City's decision to remove the Vance Monument do not legally injure plaintiff. The Petition is a matter for the Historical Commission to consider and is not before the trial court or this Court.

Regarding plaintiff's assertion that it has a legal interest as a legacy

organization, this assertion was rejected in *United Daughters*, where "plaintiffs alleged no ownership rights to the statue[,]" and accordingly "failed to demonstrate or allege any legal interest in the statue." *United Daughters*, 275 N.C. App. at 408, 853 S.E.2d at 220. Similarly in this case, plaintiff has not alleged any ownership rights to the statue, and accordingly has failed to demonstrate any legal interest in the statue. Without the breach of contract claim, and with no ownership rights to the Vance Monument, plaintiff is unable to establish a legal injury, and is therefore unable to establish standing for its claims for a TRO, preliminary injunction, and declaratory judgment.

## C.   Failure to State a Claim

¶ 29   Plaintiff next contends the trial court erred in dismissing plaintiff's complaint for failure to state a claim upon which relief could be granted. We disagree.

¶ 30   "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill,* 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000) (citation omitted). The "elements of a valid contract are offer, acceptance, consideration, and mutuality of assent to the contract's essential terms." *Se. Caissons, LLC v. Choate Const. Co.*, 247 N.C. App. 104, 110, 784 S.E.2d 650, 654 (2016) (citing *Snyder v. Freeman,* 300 N.C. 204, 218, 266 S.E.2d 593, 602 (1980)). "Generally, a party seeking to enforce a contract has the burden of

proving the essential elements of a valid contract." *Murray v. Deerfield Mobile Home Park, LLC*, 2021-NCCOA-213, ¶ 36 (citation and quotation marks omitted), *review dismissed*, 860 S.E.2d 921, and *review denied*, 861 S.E.2d 330 (2021).

¶ 31 In this case, plaintiff had the burden of proving that a valid contract existed between the parties and that defendants breached the terms of that contract. As previously discussed, the evidence presented was sufficient to establish that the contractual relationship between plaintiff and defendant City was complete. Nowhere in the Donation Agreement did defendant City grant any ownership rights in the Vance Monument to plaintiff; the Donation Agreement specifically contemplated a limited scope and duration. As defendant City aptly puts it, plaintiff's complaint seeks "to read into the Donation Agreement a fifth obligation with which the City would be required to comply: maintaining the Vance Monument in place for all eternity." Although there was sufficient evidence that a contract existed, there was insufficient evidence that defendant City breached the contract. The trial court did not err in dismissing plaintiff's complaint for failure to state a claim.

## III. Conclusion

¶ 32 For the foregoing reasons, we hold that plaintiff lacked standing to assert its claims, and that the trial court did not err in dismissing plaintiff's complaint for failure to state a claim.

AFFIRMED.

Chief Judge STROUD and Judge WOOD concur.