RICHARD HARRELL v. MELVIN BOWEN, ADMINISTRATOR OF THE ESTATE OF CHELSON EARL PERRY

No. 587PA06

(Filed 25 January 2008)

1. Damages— punitive—no assertion against personal representative

Punitive damages may not be asserted against a defendant's estate on the basis of his alleged egregiously wrongful acts (driving while impaired). N.C.G.S. § 1D-1, which provides for the award of punitive damages, states as a purpose the punishment and deterrence of defendant and others; contrary to plaintiff's arguments, a legislative intent to treat disjunctively the purposes of punishment and deterrence or the deterrence of defendant and others could not be discerned. Neither could an obvious legislative intent to read N.C.G.S. § 1D-1 disjunctively be inferred from N.C.G.S. § 1D-26.

**HARRELL v. BOWEN**

[362 N.C. 142 (2008)]

## 2. Estates— personal representatives—punitive damages claims

The survival statute of N.C.G.S. § 28A-18-1, which allows claims to be asserted against a personal representative, does not apply to punitive damages. Chapter 1D (which has provisions for punitive damages) by its terms prevails over any law to the contrary, and N.C.G.S. § 1D-1 precludes a claim for punitive damages against an estate.

Justices NEWBY and HUDSON dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 179 N.C. App. 857, 635 S.E.2d 498 (2006), affirming an order dismissing plaintiff's punitive damages claim entered on 7 November 2005 by Judge William C. Griffin, Jr. in Superior Court, Martin County. Heard in the Supreme Court 15 October 2007.

*Keel O'Malley, LLP, by Joseph P. Tunstall, III, for plaintiff-appellant.*

*Valentine, Adams, Lamar, Murray, Lewis & Daughtry, L.L.P., by Kevin N. Lewis, for defendant-appellee.*

BRADY, Justice.

In this case we determine whether, as a matter of law, a claim for punitive damages may be asserted against a decedent's estate on the basis of his alleged "egregiously wrongful acts." We hold that it may not and therefore affirm the decision of the Court of Appeals.

## BACKGROUND

On 19 May 2005, plaintiff Richard Harrell filed a summons and complaint initiating a civil action against Melvin Bowen (defendant) in his capacity as administrator of Chelson Earl Perry's (decedent's) estate. In his complaint, plaintiff stated that he was operating a passenger vehicle traveling westbound on U.S. Highway 64 on 6 June 2002, at approximately 9:45 p.m. He asserted that decedent, who was operating another passenger vehicle traveling eastbound at the time, veered across the median and struck plaintiff's vehicle. Plaintiff further alleged that decedent was under the influence of alcohol at the time of the incident and otherwise acted negligently and was grossly negligent in violation of several North Carolina motor vehicle safety laws. In his complaint, plaintiff sought compensatory damages for

pain and suffering, medical bills, lost wages, and property damage, and he additionally prayed for punitive damages.

Defendant moved to dismiss plaintiff's punitive damages claim, pursuant to Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted. On 7 November 2005, the trial court conducted a hearing on defendant's motion and subsequently ordered plaintiff's claim for punitive damages dismissed with prejudice.

Plaintiff appealed the trial court's order to the North Carolina Court of Appeals, which unanimously affirmed the order on 17 October 2006. Plaintiff then petitioned this Court for discretionary review, and we allowed the petition on 3 May 2007.

## ANALYSIS

The dispositive question before the Court is whether plaintiff is barred *as a matter of law* from asserting a claim for punitive damages against defendant in his capacity as the administrator of decedent's estate. *See Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) ("A motion to dismiss under N.C. R. Civ. P. 12(b)(6) 'is the usual and proper method of testing the legal sufficiency of the complaint.' " (quoting *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970))). As the Court stated in *Newberne*, our task in reviewing the trial court's order dismissing this claim pursuant to Rule 12(b)(6) is to inquire "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Id.* (citations and internal quotation marks omitted).

### I. "The Purpose of Punitive Damages" in N.C.G.S. § 1D-1

[1] Plaintiff contends that N.C.G.S. § 1D-1 sets forth the controlling legal theory upon which his claim for punitive damages may rest. This statute provides: "Punitive damages may be awarded, in an appropriate case and subject to the provisions of this Chapter, to punish a defendant for egregiously wrongful acts *and* to deter the defendant *and* others from committing similar wrongful acts." N.C.G.S. § 1D-1 (2005) (emphasis added). Plaintiff asserts that punitive damages may be awarded to deter others from similar wrongful acts, even though it is obvious that decedent could neither be punished for any wrongdoing nor deterred from committing similar wrongful acts in the future.

**HARRELL v. BOWEN**

[362 N.C. 142 (2008)]

It is axiomatic that "[w]hen the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *See Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (citation omitted). This Court has also stated that "[o]rdinarily, when the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly." *Lithium Corp. of Am. v. Town of Bessemer City*, 261 N.C. 532, 535, 135 S.E.2d 574, 577 (1964) (citation omitted). In *Sale v. Johnson*, this Court recognized a limited number of circumstances in which the conjunctive "and" and the disjunctive "or" could be interchanged by a court when applying a statute, one of which is "*to effectuate the obvious intention of the legislature.*" 258 N.C. 749, 755-56, 129 S.E.2d 465, 469 (1963) (citations and internal quotation marks omitted).

Contrary to plaintiff's assertions, we can discern no obvious legislative intent to treat the purposes of punishment and deterrence disjunctively in N.C.G.S. § 1D-1. The same must be said for the purpose of deterring a defendant and that of deterring others. As this Court has clearly stated, "Chapter 1D reinforces the common-law purpose behind punitive damages." *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 167, 594 S.E.2d 1, 7 (2004) (citing N.C.G.S. § 1D-1). Plaintiff cites no authority preceding the enactment of Chapter 1D in 1995 in which this Court held that the purpose of deterring others, standing alone, was sufficient to support an award of punitive damages. In fact, when this Court has identified the purpose of deterring others, that purpose has consistently been coupled with the purpose of punishing a wrongdoer. *See, e.g., Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 113, 229 S.E.2d 297, 302 (1976) ("North Carolina has consistently allowed punitive damages solely on the basis of its policy to punish intentional wrongdoing *and* to deter others from similar behavior." (emphasis added) (citations omitted)); *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 134, 225 S.E.2d 797, 807 (1976) (stating that punitive damages "are usually allowed to punish defendant *and* deter others" (emphasis added)). Nor has this Court interpreted N.C.G.S. § 1D-1 as abrogating the pre-existing common law. *See, e.g., Rhyne*, 358 N.C. at 176, 594 S.E.2d at 12 ("A plaintiff's recovery of punitive damages is fortuitous, as such damages are assessed *solely* as a means to punish the willful and wanton actions of defendants and, unlike compensatory damages, do not vest in a plaintiff upon injury." (citation omitted)).

Plaintiff contends this obvious legislative intent to have courts read "and" as a disjunctive "or" in N.C.G.S. § 1D-1 is found in N.C.G.S. § 1D-26. This statute exempts from the "statutory cap" on punitive damages claims established by N.C.G.S. § 1D-25 any punitive damages sought "for injury or harm arising from a defendant's operation of a motor vehicle if the actions of the defendant in operating the motor vehicle would give rise to an offense of driving while impaired under G.S. 20-138.1 [impaired driving generally], 20-138.2 [impaired driving while operating a commercial vehicle], or 20-138.5 [habitual impaired driving]." N.C.G.S. § 1D-26 (2005). We certainly acknowledge the General Assembly's intent in section 1D-26 to punish individuals more severely for driving while impaired than for other tortious conduct by exempting such claims from section 1D-25(b). However, we cannot infer from section 1D-26 an obvious intent to have courts read "and" as a disjunctive in section 1D-1, which governs *all* punitive damages claims.

Because we discern no obvious legislative intent to the contrary, we are constrained to apply the plain meaning of N.C.G.S. § 1D-1 to plaintiff's claim for punitive damages. Plaintiff concedes that decedent can no longer be punished or deterred for whatever "egregiously wrongful acts" he may have committed before his death. As a consequence, plaintiff is precluded as a matter of law from asserting his claim for punitive damages under N.C.G.S. § 1D-1.

## II. Survival of Actions Against Personal Representative

**[2]** Plaintiff argues, in the alternative, that N.C.G.S. § 28A-18-1 allows any claims he may have asserted against decedent to survive against defendant as the administrator of decedent's estate, including his claim for punitive damages. This statute provides:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

N.C.G.S. § 28A-18-1 (2005). Although punitive damages claims are not expressly excepted by this statute, the General Assembly has mandated that Chapter 1D prevails over "any other law to the contrary" with respect to such claims. N.C.G.S. § 1D-10 (2005). Thus, since N.C.G.S. § 1D-1 precludes plaintiff from asserting a claim for punitive damages against defendant, plaintiff cannot rely upon the "survival statute" to procure a different result.

## CONCLUSION

Accordingly, we hold that plaintiff's claim for punitive damages against defendant must fail as a matter of law. Thus, the trial court did not err when it ordered plaintiff's claim for punitive damages dismissed, and the decision of the Court of Appeals is hereby affirmed.

AFFIRMED.

Justice NEWBY dissenting.

I agree with the majority that our common law has traditionally viewed punitive damages as valuable for punishing a wrongdoer and deterring others and that Chapter 1D reinforces the common law in this regard. However, I believe the majority misconstrues the framework for punitive damages enacted by the General Assembly. When Chapter 1D is examined in its entirety, the intent of the legislature becomes clear: a jury is permitted to award punitive damages despite the death of the tortfeasor. Therefore, I respectfully dissent.

Chapter 1D has several sections which are typical of other chapters in the North Carolina General Statutes. Section 1D-1 describes the broad policy of punitive damages. Section 1D-5 provides definitions applicable to the Chapter. Section 1D-10 details the scope of the Chapter, and section 1D-15 delineates the "[s]tandards for recovery of punitive damages."

In particular, section 1D-15 states: "Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors[: (1) fraud, (2) malice, or (3) willful or wanton conduct] was present and was related to the injury for which compensatory damages were awarded." N.C.G.S. § 1D-15(a) (2007). Moreover, "[t]he claimant must prove the existence of an aggravating factor by clear

and convincing evidence." *Id.* § 1D-15(b) (2007). Once the plaintiff meets the requirements of this section, the jury must determine in its discretion whether or not to award punitive damages. *See id.* § 1D-35 (2007). Notably, neither section 1D-15 nor any other section of Chapter 1D limits punitive damages to situations in which a plaintiff can establish the presence of every stated statutory purpose for the award of punitive damages. Instead, with regard to the statutory purposes of punitive damages, Chapter 1D requires only that, once plaintiff has established eligibility under section 1D-15, the jury "consider" those purposes when "determining the amount of punitive damages, if any, to be awarded." *Id.* § 1D-35(1).

The North Carolina Pattern Jury Instructions illustrate the approach intended by the legislature. First, the jury must answer, "Is the defendant liable to the plaintiff for punitive damages?" 2 N.C.P.I.—Civ. 810.96, at 1 (gen. civ. vol. May 2001). "On this issue the burden of proof is on the plaintiff to prove three things." *Id.* The plaintiff must first prove the existence of an aggravating factor by clear and convincing evidence. *Id.*, at 2. The plaintiff also must prove by the greater weight of the evidence that the aggravating factor was related to the injury and that the defendant participated in the wrongful conduct. *Id.*, at 2-3. If the plaintiff satisfies its burden of proof on these three issues, it is the jury's duty to answer "Yes" and find the defendant liable to the plaintiff for punitive damages. *Id.*, at 3.

If the jury determines the defendant is liable to the plaintiff for punitive damages, it must then answer a second question: "What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?" 2 N.C.P.I.—Civ. 810.98, at 1 (gen. civ. vol. May 1996). At this point, the jury is instructed to consider the purposes of punitive damages because any amount awarded should bear a rational relationship to those purposes. *Id.*, at 2-3.

Thus, neither Chapter 1D nor the Pattern Jury Instructions make plaintiff's eligibility for an award contingent upon satisfying all of the statutory purposes of punitive damages. Rather, they give the jury discretion to determine the appropriate amount of an award with reference to the statutory purposes. The jury is free to consider a defendant's death when using its discretion to determine the award amount, just as the jury would be permitted to consider that a living defendant should be punished even though it believed any deterrent effect would be small or nonexistent. *See Hofer v. Lavender*, 679 S.W.2d 470, 474-75 (Tex. 1984) (concluding punitive, or exemplary,

damages could be collected from the estate of a deceased tortfeasor after discussing the "equally important considerations other than punishment of the wrongdoer" recognized in Texas as purposes for punitive damages); *Perry v. Melton*, 171 W. Va. 397, 401, 299 S.E.2d 8, 12 (1982) (holding punitive damages could be collected from the estate of a deceased tortfeasor because "[p]unitive damages in [West Virginia] serve other equally important functions and are supported by public policy interests going beyond simple punishment of the wrongdoer").

In contrast to the statutory structure and the Pattern Jury Instructions, the majority incorporates the statutory purposes of punitive damages into section 1D-15. The majority holds that punitive damages cannot be awarded unless the plaintiff meets the criteria in section 1D-15 and establishes that the punitive damages will punish the defendant, deter the defendant, and deter others. If the legislature intended the purposes of punitive damages to be treated as prerequisites for an award, it would have included those purposes in section 1D-15.

The General Assembly's use of the word "purposes" in Chapter 1D is equally significant. Although the title of section 1D-1 is "[p]urpose of punitive damages," language in other sections of the Chapter indicates there are several "purposes" for awarding punitive damages. *See* N.C.G.S. §§ 1D-5(6) (2007) (" 'Punitive damages' means extracompensatory damages awarded for the purposes set forth in G.S. 1D-1."), -35(1) ("In determining the amount of punitive damages, if any, to be awarded" the jury "[s]hall consider the purposes of punitive damages set forth in G.S. 1D-1."); *see also Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 371, 90 S.E.2d 898, 903 (1956) (stating that a statute's caption cannot control the unambiguous text of the statute). Viewing Chapter 1D in its entirety reveals the legislature's intent that section 1D-1 be interpreted as a broad policy statement that includes the three purposes of punitive damages recognized in North Carolina: (1) punishing defendants, (2) deterring defendants, and (3) deterring others. When section 1D-1 is viewed as a list of purposes to be considered in determining the amount of an award rather than a list of prerequisites, the General Assembly's use of the conjunctive rather than the disjunctive becomes irrelevant.

In addition, unlike the majority's interpretation, concluding that Chapter 1D permits a punitive damages award against a deceased defendant is consistent with North Carolina's survival statute. *See* N.C.G.S. § 28A-18-1 (2007). A punitive damage award against a

deceased defendant is permitted under the survival statute which states that "all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against" a deceased person "shall survive to and against the personal representative or collector of his estate." *Id.* § 28A-18-1(a). Although certain rights of action in favor of a decedent do not survive, *see id.* § 28-18-1(b), no actions or demands against a decedent are excepted from section 28A-18-1(a).

Here, plaintiff's allegations, treated as true, are sufficient to satisfy the eligibility requirements for a claim for punitive damages under section 1D-15. As such, this claim should not have been dismissed. Plaintiff is not required to prove that all three statutory purposes of punitive damages will be furthered by an award. Rather, should it determine plaintiff's allegations are true, the jury should decide the appropriate size of an award, if any, taking into consideration the death of the tortfeasor as it relates to the purposes of punitive damages stated in section 1D-1.

Justice HUDSON joins in this dissenting opinion.