IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-827

Filed 2 April 2025

Wake County, No. 24CV004687-910

RICHMOND COUNTY BOARD OF EDUCATION, Plaintiff,

v.

DALE FOLWELL, NORTH CAROLINA STATE TREASURER, in his official capacity only, NELS ROSELAND, NORTH CAROLINA STATE CONTROLLER, in his official capacity only, KRISTIN WALKER, NORTH CAROLINA STATE BUDGET DIRECTOR, in her official capacity only, EDDIE M. BUFFALOE, JR., SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, in his official capacity only, JOSH STEIN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, in his official capacity only, Defendants.

Appeal by defendants from order entered 19 August 2024 by Judge James Floyd Ammons, Jr., in Wake County Superior Court. Heard in the Court of Appeals 12 February 2025.

*Crump Law Office, by George E. Crump, III, for plaintiff-appellee.*

*Dowling PLLC, by Troy D. Shelton and Craig D. Schauer, for defendants-appellants.*

DILLON, Chief Judge.

Plaintiff Richmond County Board of Education commenced this action in February 2024 to collect on a judgment it obtained in a prior action against various officials and agencies of the State of North Carolina in 2014, a judgment which was affirmed by our Court.

In this present action, Defendants North Carolina State Treasurer Dale

Folwell and North Carolina State Controller Nels Roseland (collectively, Appellants"), appeal from the trial court's order denying their motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of our Rules of Civil Procedure.

On appeal, Appellants argue the trial court erred, essentially contending that Plaintiff's new action seeking a money judgment is barred by sovereign immunity. For the reasoning below, we disagree with Appellants and affirm the trial court's order. Specifically, though we agree with Appellants that Plaintiff may not be able *to collect* on any judgment entered against Appellants in this action (unless money is appropriated by our General Assembly to pay the judgment), we conclude that Plaintiff is entitled to have a new judgment entered based on the uncollected prior judgment.

## I. Factual and Procedural Background

This matter concerns a statute enacted by our General Assembly in 2011 which required any defendant convicted of driving with improper equipment to pay a $50.00 fee and for the fee to be remitted to the State for maintenance of State prisons. Plaintiff, a county board of education, commenced this action contending that it – and not the State prisons – was entitled to any $50.00 fee collected under the 2011 statute in Richmond County to be used for the public schools in that county. Plaintiff based its contention on a provision in our state constitution which mandates that fines collected in a county court be used for the public schools in that county, stating as follows:

> . . . the clear proceeds of all penalties and [ ] fines collected in the several counties . . . shall belong to and remain in the several counties, and shall be faithfully appropriated and used exclusively for maintaining free public schools.

N.C. Const. art. IX, § 7(a).

The prior action came to our Court on three occasions.

In the first appeal to our Court, we concluded that Plaintiff's claim was not barred by sovereign immunity. *See Richmond Cnty. Bd. of Educ. v. Cowell*, 225 N.C. App. 583, 591 (2013). On remand, the trial court entered judgment against the government defendants.

In the second appeal, we affirmed a trial court's order, concluding that our state constitution, indeed, required any $50.00 fee collected under the 2011 statute be used for the public schools and *not* for the prisons, and ordered the initial defendants pay to Plaintiff "all sums collected in Richmond County" from defendants convicted of an improper equipment violation. *Richmond Cnty. Bd. of Educ. v. Cowell*, 243 N.C. App. 116, 123 (2015). On remand, the trial court determined that Richmond County had collected $272,300.00 in fines under the 2011 statute and ordered the defendants pay Plaintiff that amount.

In the third appeal, however, we reversed the trial court's order, concluding that it is not in the power of the judiciary to order satisfaction of the judgment against the State; that is, the judgment could be satisfied only if our General Assembly appropriated the money to satisfy the judgment. *Richmond Cnty. Bd. of Educ. v.*

*Cowell*, 254 N.C. App. 422, 427–28 (2017) (hereinafter "*Cowell III*").

### a. The Current Action

On 12 February 2024, Plaintiff filed a complaint (the "Complaint") against the above-captioned defendants seeking that a new judgment be entered based on the $272,000.00 judgment entered in the prior action.

In May 2024, Defendants filed a motion to dismiss the Complaint pursuant to Rules 12(b)(1), (2), and (6) of our Rules of Civil Procedure, contending the State had not waived its sovereign immunity for the new action and Plaintiff lacked an executable judgment that it could enforce and renew through a new action.

By order entered 26 July 2024, the trial court denied Defendants' motion to dismiss. Defendants appealed from that 2024 order.

## II. Jurisdiction

We note that this appeal is interlocutory. However, Defendants argue, in part, that they are immune from suit based on sovereign immunity. And our Supreme Court has held that an order denying a motion to dismiss based on sovereign immunity affects a substantial right and is, therefore, immediately appealable. *Cedarbrook Res. Ctr., Inc. v. N.C. Dep't of Health & Hum. Servs.*, 383 N.C. 31, 44 (2022). Accordingly, Defendants' sovereign immunity argument is properly before us.

We also consider Defendants' other arguments though they do not necessarily affect a substantial right. *See RPR & Assocs. v. State*, 139 N.C. App. 525, 530–31 ("Although this question . . . is interlocutory in nature, we choose to address it, given

that [the] defendants' sovereign immunity argument is properly before us. After all, to address but one interlocutory or related issue would create fragmentary appeals.").

## III. Analysis

We agree with Defendants that any judgment that Plaintiff may obtain in this matter may not ever be collectible. Specifically, our Supreme Court in *Smith v. State*, 289 N.C. 303 (1976), also cautioned that:

> In the event [that the] plaintiff is successful in establishing his claim against the State, *he cannot, of course, obtain execution to enforce the judgment*. The validity of his claim, however, will have been judicially ascertained. The judiciary will have performed its function to the limit of its constitutional powers. Satisfaction will depend on the manner in which the General Assembly discharged its constitutional duties.

*Id.* at 321 (citations omitted) (emphasis added).

Based on *Smith*, we stated in *Cowell III* as follows:

> [W]hen the courts enter a judgment against the State, and no funds already are available to satisfy that judgment, the judicial branch has no power to order State officials to draw money from the State treasury to satisfy it.
>
> Of course, this case is no mere contract dispute. The State violated the North Carolina Constitution when it moved money otherwise destined for Richmond County schools to a separate State fund to pay for county jail programs throughout the State. As a result, this Court held that it is appropriate—as the trial court ordered—that this money be paid back to the clerk's office in Richmond County.
>
> It was well within the judicial branch's power to order this money—taken from Richmond County in violation of the constitution—to be returned. This, in turn, means that if

> the money collected from these fines still rested within the
> Statewide Misdemeanant Confinement Fund, awaiting the
> outcome of this protracted litigation, the courts could order
> State officials to return the money to Richmond County
> and the other affected counties.
>
> But, as the parties concede, this cannot be done because
> the money is gone. [Plaintiff] did not obtain a preliminary
> injunction to prevent the State from spending money while
> it litigated the case[.] . . . As a result, the only way the
> State can satisfy the judgment entered by the trial court is
> to pay *new* money from the State treasury—money not
> obtained from the improper equipment fees, but from the
> taxpayers and other sources of general State revenue.
> Under *Smith*, the judicial branch lacks the power to order
> State officials to pay this new money from the treasury.

254 N.C App. at 427–28 (citations and internal quotation marks omitted).

Plaintiff contended on appeal in *Cowell III*, however, that even without specific appropriation from the General Assembly, the trial court's writ of mandamus can be interpreted as an order that State officials take whatever steps are necessary to pay the judgment from any discretionary sources that are available. We rejected this argument, providing:

> [A] writ of mandamus may be used only to command public
> officials to perform a purely ministerial duty imposed by
> law; it generally may not be invoked to review or control
> the acts of public officers respecting discretionary matters.
>
> . . . .
>
> In sum, the role of the courts in this constitutional dispute
> is over. As the Framers of our constitution intended, the
> judiciary performed its function to the limit of its
> constitutional powers by entering a judgment against the
> State and in favor of [Plaintiff]. The State must honor that

judgment. But it is now up to the legislative and executive branches, in the discharge of their constitutional duties, to do so. The Separation of Powers Clause prevents the courts from stepping into the shoes of the other branches of government and assuming their constitutional duties. We have pronounced our judgment. If the other branches of government still ignore it, the remedy lies not with the courts, but at the ballot box.

*Id.* at 428–29 (citations and internal quotation marks omitted).

In sum, Plaintiff obtained a valid judgment in the prior action, though Plaintiff at present cannot collect, as our General Assembly has not appropriated the money to pay the judgment.

Our General Assembly has determined that a judgment creditor's right to collect on a judgment is subject to a ten-year statute of limitations *but that* a judgment credit may bring a new action to enforce the prior judgment one time, thus effectively renewing a prior judgment for ten more years:

Within ten years an action –

(1) Upon a judgement or decree of any court of . . . any state . . . . No such action may be brought more than once . . . to continue the lien of the original judgment.

N.C.G.S. § 1-47(1). Indeed, we have held that "[a]n independent action seeking to effectively renew a judgment must be brought within ten years of entry of the original judgment, and such renewal action can only be brought once." *Unifund CCR Partners v. Loggins*, 270 N.C. App. 805, 809 (2020) (citing N.C.G.S. 1-47). We hold that a party with a valid judgment against the State or other governmental entity has the right

to bring a renewal action on that judgment under G.S. 1-47.

Here, Plaintiff seeks to renew the judgment it obtained in the first action. And based on the record before us, it appears that Plaintiff commenced this present action within ten years of that first judgment. Accordingly, we hold that the trial court did not err by denying Defendants' motion to dismiss. If Plaintiff is successful in this action in "renewing" its prior judgment, Plaintiff still may never collect, depending on whether our General Assembly appropriates money to pay any said new judgment. Nonetheless, Plaintiff is entitled to renew its judgment and hope.

AFFIRMED.

Judge COLLINS concurs.

Judge FLOOD dissents by separate opinion.

FLOOD, Judge, dissenting.

On appeal from a trial court's granting or denial of a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Appellate Procedure, this Court's review is limited to the face of the pleadings, which includes the plaintiff's prayer for relief contained therein. While the majority concludes that Plaintiff, in filing its complaint (the "Complaint"), "seeks to renew the judgment it obtained in the first action[,]" the face of the Complaint reveals an absence of law and fact in support of Plaintiff's claim, and such a conclusion requires that this Court make inferences impermissible under our standard of review. I therefore respectfully dissent.

As presented in the factual and procedural background section of the majority opinion, in *Cowell III*, this Court heard the initial defendants' appeal from the trial court's 1 November 2016 order, in which the trial court: found that the fees collected under N.C.G.S. § 7A-304(a)(4b) in Richmond County amounted to a total sum of $272,300, granted Plaintiff's petition for writ of mandamus, and ordered the initial defendants to pay Plaintiff damages in the amount of this total sum. 254 N.C. App. 422, 425 (2017). Upon review of the initial defendants' appeal, we reversed the trial court's order, and in so doing, this Court unequivocally provided that, while it was within the trial court's power to order restitution of the collected statutory fees to Plaintiff, "the judicial branch has no power to order State officials to draw money from the State treasury to satisfy it"; "the role of the courts in this constitutional dispute is *over*"; and Plaintiff's "remedy lies not with the courts, but at the ballot box."

*Id.* at 427–29 (emphasis added).

As such, in the current action, while Plaintiff's claim of a money judgment against Defendant-Appellants has been properly established, *see Richmond Cnty. Bd. of Educ. v. Cowell*, 243 N.C. App. 116, 123 (2015) (hereinafter, *"Cowell II"*)*,* Plaintiff cannot obtain judicial execution of this judgment, as it is not within the trial court's purview to ordain such execution. *See Cowell III*, 254 N.C. App. at 427–29; *see also Smith v. State*, 289 N.C. 303, 321 (1976) (holding that, after judicially ascertaining a claim, "[t]he judiciary will have performed its function to the limit of its constitutional powers. Satisfaction will depend upon the manner in which the General Assembly discharges its constitutional duties"); *D & W, Inc. v. City of Charlotte*, 268 N.C. 720, 722–23 (1966) ("In our judicial system the Superior Court is a court subordinate to the Supreme Court. Upon appeal our mandate is binding upon it and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals." (citations and internal quotation marks omitted)).

The majority, however, appears to interpret the Complaint's prayer for relief— to "have and recover judgment of . . . the principal sum of $272,300.00"—as Plaintiff seeking solely to renew the judgment it obtained in the first action, and which was affirmed in *Cowell II*, and consequently concludes that this Court must affirm the trial court's denial of Defendant-Appellants' Rule 12(b)(6) motion to dismiss. As

explained below, in my view, the majority's interpretation amounts to a misreading of Plaintiff's prayer for relief, and relies on inferences that contravene our standard of review.

On appeal from the trial court's denial of a defendant's Rule 12(b)(6) motion to dismiss, "this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief may be granted." *Green v. Kearney*, 203 N.C. App. 260, 266 (2010) (citation omitted) (cleaned up). In making this determination, this Court must consider whether, on "the face of the [plaintiff's] complaint[,]" construed liberally, the complaint (1) is supported by law, (2) "reveals the absence of facts sufficient to make a good claim[,]" or (3) "discloses some fact that necessarily defeats the plaintiff's claim." *Burgin v. Owen*, 181 N.C. App. 511, 512 (2007) (citation and internal quotation marks omitted); *see also Green*, 203 N.C. App. at 266–67.

Here, as presented in the Complaint, to satisfy Plaintiff's prayer for relief, Plaintiff must "have *and* recover" the $272,300 money judgment to which Plaintiff alleges entitlement. (Emphasis added). A plain reading of this language demonstrates that, to satisfy Plaintiff's prayer for relief, the trial court must *both* establish Plaintiff's entitlement to a money judgment from Defendant-Appellants *and* execute said judgment. *See Burgin*, 181 N.C. App. at 512. While neither our Supreme Court nor this Court have expressly provided that a plaintiff's prayer for relief, consisting of two claims connected by the word "and," is to be read

3

conjunctively, we are not without guidance in this interpretation of such a prayer for relief.

Regarding interpretation of statutory language, our Supreme Court has stated "that ordinarily, when the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly." *Harrell v. Bowen*, 362 N.C. 142, 145 (2008) (citation and internal quotation marks omitted). Comparatively, our Supreme Court has explained that "the word 'or,' as used in a statute, is a disjunctive particle indicating that the various members of the sentence are to be taken separately." *In re Powell*, 237 N.C. App. 441, 444 (2014) (citation and internal quotation marks omitted) (cleaned up). These expositions may inform our understanding of a plaintiff's connective use of "and," as well as "or," in a prayer for relief, as Rule 8 of the North Carolina Rules of Civil Procedure—a creation of statute, and which governs the propriety of a plaintiff's claims—provides:

> A party may set forth two or more statements of a claim . . . alternatively[.] . . . When two or more statements are *made in the alternative* and one or more of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.

N.C.R. Civ. P. 8(e)(2) (emphasis added).

These binding authorities, taken together, support the interpretation that, in a prayer for relief consisting of two claims, for one claim to be considered independently of the other, the claims must be made in the alternative—or

separately—which is accomplished by use of the connecting word "or." *See In re Powell*, 237 N.C. App. at 444; N.C.R. Civ. P. 8(e)(2). Conversely, by use of the word "and" to connect two claims in a prayer for relief, a plaintiff indicates the claims are to be considered jointly, and for the trial court to provide relief, *both* claims must be satisfied. *See Harrell*, 362 N.C. at 145; N.C.R. Civ. P. 8(e)(2); *see also State v. Rieger*, 267 N.C. App. 647, 649 (2019) ("When examining the plain language of a statute, undefined words . . . must be given their common and ordinary meaning." (citation and internal quotation marks omitted)). Finally, while our appellate courts have published no opinion germane specifically as to this issue, courts of other jurisdictions have published decisions that, while non-binding, are instructive of, and support, this plain interpretation of a plaintiff's use of the conjunctive "and," versus use of the disjunctive "or," in a prayer for relief. *See Brookline Residential, LLC, v. City of Charlotte*, 251 N.C. App. 537, 545, n.4 (2017) ("Although decisions from other jurisdictions are not binding on this Court on an issue arising under North Carolina law, we may consider such decisions as persuasive authority." (citation omitted)); *Carolina Power & Light Co. v. Emp. Sec. Comm'n of N.C.*, 363 N.C. 562, 569 (2009) (noting that, while not binding, a decision from another jurisdiction was nonetheless "instructive"); *see also U.S. v. Garcon*, 54 F.4th 1274, 1278 (11th Cir. 2022) ("The parties' dispute turns on the meaning of the word 'and[,]' . . . so we consider the ordinary meaning of that word. 'And' means 'along together with[,]' [s]o when 'and' is used to connect a list of requirements, the word ordinarily has a 'conjunctive' sense,

5

meaning that all the requirements must be met." (citations omitted)); *Stewart v. Dina's Pizza and Pub, Inc.*, 8th Dist. Cuyahoga No. 106790, 2018-Ohio-3415, ¶ 9, 2018 WL 409398, at *2 (providing that, upon appellate review of a motion to dismiss a plaintiff's claims, "where there is no indication that [the] claims [were] pled in the alternative, the demand for relief is in the conjunctive" (citations and internal quotation marks omitted)).

Applying the above-delineated interpretation to Plaintiff's Complaint, for this Court to consider independently each of the two claims in Plaintiff's prayer for relief, such that either claim may be sufficient to survive a Rule 12(b)(6) motion to dismiss— as appears to be the majority's interpretation—Plaintiff must have prayed to "have *or* recover" the money judgment. *See In re Powell*, 237 N.C. App. at 444; N.C.R. Civ. P. 8(e)(2); *see also U.S. v. Garcon*, 54 F.4th at 1278; *Stewart*, 2018-Ohio-3415, ¶ 9. Plaintiff, however, has prayed to "have *and* recover" the money judgment, meaning the claims must be considered *together*, and for the trial court to satisfy Plaintiff's prayer for relief, Plaintiff must *both* "have" the money judgment, *and* "recover" the money judgment. *See Harrell*, 362 N.C. at 145; N.C.R. Civ. P. 8(e)(2); *see also U.S. v. Garcon*, 54 F.4th at 1278; *Stewart*, 2018-Ohio-3415, ¶ 9. While, as presented by this Court in *Cowell II*, the judiciary may properly establish Plaintiff's entitlement to a money judgment from Defendant-Appellants, as determined in *Cowell III*, the judiciary may *not* order execution of this judgment, thus Plaintiff may not "recover" the money judgment. *See Cowell III*, 254 N.C. App. at 427–29; *Cowell II*, 243 N.C.

6

App. at 123.  As such, it is not within the trial court's power to satisfy Plaintiff's conjunctive prayer for relief to "have and recover" the money judgment.

Moreover, even when treating Plaintiff's allegations as true and affording a liberal construction of the Complaint, Plaintiff's prayer for relief is not as to just *any* money judgment to which Plaintiff is allegedly entitled; Plaintiff *specifically* identified in its prayer for relief "the principal sum of $272,300.00."  *See Burgin*, 181 N.C. App. at 512; *see also Green*, 203 N.C. App. at 266.  As set forth above, this "principal sum" was established in the trial court's 1 November 2016 order—the very order reversed by this Court in *Cowell III.*  254 N.C. App. at 427–29.  While the majority would conclude that Plaintiff merely "seeks to renew the judgment" affirmed in *Cowell II*, nowhere in the Complaint does Plaintiff state that it seeks renewal of this judgment, and to reach such a conclusion requires this Court to make inferences in contravention of our scope of review—namely, the face of the Complaint.  *See Burgin*, 181 N.C. App. at 512.  A review of the face of the Complaint reveals Plaintiff has failed to present a cause of action from which Plaintiff may make a claim for relief, as the money judgment explicitly identified in Plaintiff's prayer for relief was reversed by this Court, and therefore no longer exists.  *See Cowell III*, 254 N.C. App. at 427–29.

As the trial court may not order satisfaction of Plaintiff's prayer for relief to "have and recover" a money judgment, and Plaintiff's underlying cause of action is specifically as to a money judgment no longer in effect, the face of the Complaint

reveals an absence of law and fact upon which Plaintiff may make a good claim for relief. *See Burgin* 181 N.C. App. at 512; *see also Cowell III*, 254 N.C. App. at 427–29. Accordingly, upon a de novo review, I believe the trial court's denial of Defendant-Appellants' Rule 12(b)(6) motion to dismiss was in error, and such error requires this Court to reverse the trial court's order and remand with instructions that the trial court grant Defendant-Appellants' motion to dismiss Plaintiff's Complaint. *See Green*, 203 N.C. App. at 266; *Burgin* 181 N.C. App. at 512. For the foregoing reasons, I respectfully dissent.